229 So.2d 585 (1969)
NATIONWIDE MUTUAL INSURANCE COMPANY, Petitioner,
v.
Kendrick D. McNULTY, Respondent.
No. 38676.
Supreme Court of Florida.
December 17, 1969.
Rehearing Denied January 22, 1970.
Lee Weissenborn of Weinstein, Weissenborn & Burr, Miami, for petitioner.
Larry S. Stewart of Frates, Fay, Floyd & Pearson, Miami, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Third District. That Court has certified that its decision, reported at 221 So.2d 208, is one passing on a question of great public interest, to-wit:
"Whether a claim of the insured judgment debtor against the insurer for excess of judgment over the policy limit for alleged bad faith in refusal to settle within the policy limit, may be maintained against the insurer by the judgment creditor on the basis of an assignment thereof to him."
Respondent McNulty was struck and injured by a vehicle belonging to Peter Timothy Garvey. McNulty sued Garvey and obtained a judgment for $18,000. Garvey was insured under an automobile liability indemnity policy issued by petitioner Nationwide. The coverage limitation for injury to one person was $10,000. Prior to and again during the pendency of the suit, McNulty made offers to settle for an amount within the policy limit. His offers were refused by the insurer without counter offer.
After the entry of the judgment of $18,000 against Garvey, Garvey assigned to McNulty his claim against Nationwide for the excess of the judgment over the coverage. On the basis of that assignment McNulty then brought suit against Nationwide alleging negligence and bad faith refusal to settle within the policy limits.
The trial court granted motion to dismiss on the ground that suit could not be maintained by an assignee. The District Court reversed the judgment of dismissal, holding:[1]
"In our opinion the cause of action for recovery of such excess of the judgment *586 over the insurance coverage limit is one which arises out of the contract of insurance. The contractual duty of the insured to defend justifies an implication that the insurer will exercise ordinary care and good faith in so proceeding. Accordingly, when an insurer under such a policy contract undertakes to defend an action against the insured and becomes involved in negotiations for settlement, the law imposes the duty that it act therein in good faith. It follows that the cause of action for an `excess,' where one arises from bad faith, is bottomed on the contract, and that the nature of an action thereon is ex contractu rather than in tort. The fact that the proofs offered to establish an insurer's bad faith in this connection may include or consist of showing an act of negligence will not take the cause of action out of the contract category. On those reasons we hold the cause of action was assignable, and that suit thereon was maintainable by the assignee notwithstanding that he was the judgment creditor."
Petitioner admits that Florida follows the majority rule permitting "bad faith excess" suits by insured against insurer, but urges that "public policy" should prevent judgment creditors from bringing suit under an assignment of the insured's right of action. The case of Sturgis v. Canal Insurance Co.[2] is cited by petitioner in support of its contention that such suit violates "public policy." In that case we held that a judgment creditor could not maintain suit directly against the insurer for recovery of a judgment in excess of policy limits because of the alleged negligence or had faith of the insurer in conduct or handling of the suit, in the absence of a policy provision allowing such a suit. No assignment was involved.
Petitioner contends that the assignment in the instant case was void and of no effect, because it says it is champertous. Champerty is defined as follows:[3]
"A bargain by a stranger with a party to a suit, by which such third person undertakes to carry on the litigation at his own cost and risk, in consideration of receiving, if successful, a part of the proceeds or subject sought to be recovered."
The champerty argument is disposed of by the Supreme Court of Oregon in Groce v. Fidelity General Insurance Co.,[4] a case with strikingly similar facts to those in the instant case. In that case the court held:
"To the argument that the assignment of claims in cases of this kind breeds champerty and maintenance, it is sufficient to observe that for many years at common law the bona fide assignee of a chose in action has not been deemed guilty of champerty. Champerty is the intermeddling of a stranger in the litigation of another, for profit, and maintenance is the financing of such intermeddling. See 14 Am.Jur.2d 848, Champerty and Maintenance § 10 (1964). A judgment creditor of an insolvent tortfeasor can hardly be called an intermeddling stranger to litigation necessary to pay his judgment."
The decision of the District Court herein refers to a recent similar decision of the Supreme Court of Pennsylvania in Gray v. Nationwide Mutual Insurance Co.,[5] holding the claim against insurer resulting from breach of its duty to act in good faith in settling claim against insured is a contract right and properly assignable.
The District Court of Appeal, Fourth District, has reached the same result in its recent decision, Selfridge v. Allstate Insurance Co.,[6] wherein it was held:
"Since we find that an insured's cause of action against his insurer for wrongful *587 failure to settle within policy limits is not based on a personal tort, and is therefore assignable, and since such an assignment is not against public policy, we reverse and remand this case for further proceedings."
The District Court in the instant case correctly held the claim assignable and reversed the judgment of dismissal. The writ accordingly is discharged.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW, and ADKINS, JJ., concur.
NOTES
[1] 221 So.2d 208, 211 (Fla.App.2d 1969).
[2] 122 So.2d 313 (Fla. 1960).
[3] Black, Law Dictionary, p. 292 (4th ed. 1951).
[4] 448 P.2d 554, 558 (Ore. 1968).
[5] 422 Pa. 500, 223 A.2d 8 (1966).
[6] 219 So.2d 127, 129 (Fla.App. 4th 1969).