267 So.2d 18 (1972)
Marvin F. THOMPSON, Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, a Corporation, and Deloris Haynes, Appellees.
No. Q-103.
District Court of Appeal of Florida, First District.
September 28, 1972.
*19 David R. Lewis and Herman S. Paul, of Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellant.
Bruce S. Bullock, of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellees.
RAWLS, Judge.
By this appeal appellant, Thompson, challenges the trial court's order dissolving a writ of garnishment directed to appellee, Commercial Union Insurance Company of New York.
This cause arose out of a negligence action instituted by Thompson against Commercial Union's insured wherein Thompson recovered a judgment against said insured in the approximate sum of $90,000.[1] Pursuant to its contract of insurance with the insured, Commercial Union paid the policy limits of $25,000 in partial satisfaction of the judgment. Some two and a half years later Thompson brought the instant garnishment action against Commercial Union alleging that as a result of "bad faith" in the manner in which the insurance company handled the defense of Thompson's claim an excess judgment was rendered and thus Commercial Union is indebted to him in the sum of $65,000.
Appellant presents as his sole point on appeal the following: Is an automobile liability insurer subject to garnishment by the judgment creditor for the excess verdict received by the creditor against the insured, based on allegations that the insurer's "bad faith" failure to settle within policy limits resulted in the excess verdict?
The parties and the trial court devoted considerable time as to whether an action for excess damages against an insurance company stems from the contract of insurance or is an ex delicto action with its genesis being a contract.
This question was resolved by the Second District Court of Appeal in McNulty v. Nationwide Mutual Insurance Company[2] *20 and was squarely settled upon writ of certiorari to the Supreme Court of Florida[3] when that court affirmed the following language of the Second District, viz.:
"In our opinion the cause of action for recovery of such excess of the judgment over the insurance coverage limit is one which arises out of the contract of insurance. The contractual duty of the insured to defend justifies an implication that the insurer will exercise ordinary care and good faith in so proceeding."
In its opinion the Supreme Court, in further delineating the action as one of ex contractu, noted that the Supreme Court of Pennsylvania in Gray v. Nationwide Mutual Insurance Company[4] held that a claim against an insurer resulting from a breach of its duty to act in good faith in settling a claim against its insured is a contract right and properly assignable.
Thompson urges that since the action is in the nature of ex contractu it necessarily follows, pursuant to the Supreme Court's determination in a prior appeal,[5] that he is a third party beneficiary and as such he may proceed directly against the insurance company; and that he also has an action in garnishment available to him. Garnishment is a statutory remedy in derogation of the common law and is not to be extended beyond the provisions of the statute which must be strictly followed. It consists of notifying a third party to retain something he has belonging to the defendant, to make disclosure to the court concerning it, and to dispose of it as the court shall direct.[6] The true test here is whether Haynes (the insured defendant tort-feasor) could have maintained an action in garnishment against Commercial Union (his insurance carrier). We hold that Haynes could not maintain such an action and his third party beneficiary (Thompson) acquired no rights superior to those of Haynes.
As authority for maintaining the instant action Thompson cites Gonzalez v. General Accident Fire and Life Assurance Corporation[7] which held that a judgment creditor may question the validity of the cancellation of an insurance policy issued by the garnishee to the judgment debtor. We perceive a material distinction between a written contract of insurance and a claim for an excess judgment. Although the courts have labeled a claim for "bad faith" in refusing to settle as a contract action, it possesses certain illegitimate characteristics. The "contract" is one engrafted by the courts upon a detailed written instrument and labeled with such terms as "negligent refusal to settle" and "bad faith"; thus to a great extent the action sounds in tort arising out of a contractual relationship. In every case of this nature decided by the Florida courts the claimant has adjudicated the liability in a common law action against the insurance company wherein issue was joined upon proper pleadings first as to the liability of the insurance company on the question of "bad faith" or "negligent refusal to settle" and, secondly, as to amount due to the claimant. We will not extend the office of garnishment beyond the traditional statutory role of the writ.[8]
Affirmed.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Thompson v. Commercial Union Insurance Co. of N.Y., 237 So.2d 247 (1 Fla. App. 1970); and Thompson v. Commercial Union Insurance Co. of N.Y., 250 So.2d 259 (Fla. 1971).
[2] McNulty v. Nationwide Mutual Insurance Co., 221 So.2d 208 (2 Fla.App. 1969).
[3] Nationwide Mutual Insurance Co. v. McNulty, 229 So.2d 585, 586 (Fla. 1970).
[4] Gray v. Nationwide Mutual Insurance Co., 422 Pa. 500, 223 A.2d 8 (1966).
[5] Thompson v. Commercial Union Insurance Co. of N.Y., 250 So.2d 259 (Fla. 1971).
[6] 1 Crandall, Florida Common Law Practice, Ch. 18 (1928).
[7] Gonzalez v. General Accident Fire & Life Assur. Corp., 216 So.2d 797 (3 Fla.App. 1969).
[8] Williams v. T.R. Sweat & Co., 103 Fla. 461, 137 So. 698 (1931).