332 So.2d 13 (1976)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Corporation, Petitioner,
v.
A.C. GROUNDS, Respondent.
No. 47382.
Supreme Court of Florida.
April 7, 1976.
Rehearing Denied May 28, 1976.
*14 Benjamin W. Redding, Barron, Redding, Boggs & Hughes, Panama City, and Gurney, Gurney & Handley, Orlando, for petitioner.
Lefferts L. Mabie, Jr., Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for respondent.
PER CURIAM.
We have granted certiorari in this cause on the basis of conflict for the limited purpose of expunging certain language contained in the First District Court of Appeal decision which directly conflicts with this Court's decision in Nationwide Mutual Ins. Co. v. McNulty, 229 So.2d 585 (Fla. 1969).
The conflicting language in the instant decision relates to the nature of an excess action against an insurance company for bad faith failure to settle and is as follows:
"... While this is an action growing out of a contract, it is not a contract action strictly speaking. It is a hybrid which has some of the aspects of a tort action and some aspects of an action ex contractu. In Thompson v. Commercial Union Insurance Company of New York, Fla.App. (1st), 267 So.2d 18, cert. den. 271 So.2d 461, this court said:
`... Although the courts have labeled a claim for "bad faith" in refusing to settle as a contract action, it possesses certain illegitimate characteristics. The "contract" is one engrafted by the courts upon a detailed written instrument and labeled with such terms as "negligent refusal to settle" and "bad faith"; thus to a great extent the action sounds in tort arising out of a contractual relationship.'
Since an excess judgment action, though bearing certain aspects of a suit upon a contract is, strictly speaking, not one, ..."
This Court in McNulty, supra, quoted with approval the following excerpt from the Third District Court of Appeal in the same case reported at 221 So.2d 208 (3d D.C.A.Fla. 1969):
"... It follows that the cause of action for an `excess,' where one arises from bad faith, is bottomed on the contract, and that the nature of an action thereon is ex contractu rather than in tort. The fact that the proofs offered to establish an insurer's bad faith in this connection may include or consist of showing an act of negligence will not take the cause of action out of the contract category...."
Finding that this is an action ex contractu rather than tort will not alter the decision of the District Court insofar as it determines that Florida law should apply as opposed to Mississippi law, which does not allow excess judgment recoveries. In this case, this is so because the obligation of the contract breached by petitioner was the obligation to provide respondent a good faith defense to the action. Such goes to petitioner's performance under the contract (or lack thereof), and matters concerning *15 performance are determined by the law of the place of performance under traditional conflict of laws principles. Scudder v. Union Nat'l Bank, 91 U.S. 406, 23 L.Ed. 245 (1876); State-Wide Ins. Co. v. Flaks, 233 So.2d 400 (3d D.C.A.Fla. 1970), cert. dismissed, 238 So.2d 427 (Fla. 1970); Castorri v. Milbrand, 118 So.2d 563 (2d D.C.A.Fla. 1960). In the instant case, the place of performance was Florida, where the cause of action against respondent was maintained and was defended by petitioner.
Issues unrelated to the foregoing, which were raised by the petitioner's brief, have been considered and found to be without merit. We find discussion of such points to be unnecessary to the just determination of this cause.
Accordingly, the conflicting language is expunged and there being no longer any foundation for conflict certiorari, the Petition for Writ of Certiorari is discharged.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD and SUNDBERG, JJ., concur.