502 So.2d 22 (1986)
Thomas Jason IVEY, Etc., et al, Appellants,
v.
James L. PADGETT, Jr., et al, Appellees.
No. 86-1015.
District Court of Appeal of Florida, Fifth District.
December 31, 1986.
Rehearing Denied February 10, 1987.
*23 Joseph G. Will, Daytona Beach, for appellants.
William L. Kirk, Jr., and Wendy Frank Lumish of Rumberger, Wechsler & Kirk, Miami, for appellees.
COWART, Justice.
This is an interlocutory appeal from a non-final order which concerns venue. Fla. R.App.P. 9.130(a)(3)(A).
The plaintiffs filed a legal malpractice action sounding in contract and in tort against defendants, partners in a law firm, alleging that the defendants committed legal malpractice in failing to file, within the period of the statute of limitations, plaintiffs' medical malpractice claim against a Volusia County physician. Plaintiffs contend the trial court erred in granting the defendants' motion for change of venue from Volusia County to Putnam County as venue was proper in both counties.
The general venue statute (§ 47.011, Fla. Stat.) provides that actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. The defendants reside in Putnam County.
Carter Realty Company v. Roper Brothers Land Company, Inc., 461 So.2d 1029, 1030 (Fla. 5th DCA 1985) states that:
The venue of a cause of action for breach of contract is in the county where the cause of action accrued. The cause of action for breach of contract accrues where the alleged breach occurs. The breach occurs where the defendant fails to perform the covenant allegedly breached.
See also Excel Insurance Co. v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981). When the contract is one for the performance of services, the cause of action for failure to perform the agreed services accrues where it is alleged that the agreed services were to have been, but were not, performed. Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). In this case the defendants were to have filed a medical malpractice action in Volusia County where the alleged medical malpractice occurred and where the physician resided. Thus, the plaintiffs' contractual cause of action against the defendants accrued in Volusia County where the defendants' services, the timely filing of the medical malpractice action, were to have been performed.
In a tort action, the cause of action accrues where the act (or omission) creating the right to bring the action occurred. Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975). The alleged tortious act creating the plaintiffs' right to bring this legal malpractice action was, again, the attorneys' alleged negligent failure to timely file a medical malpractice action in Volusia County. Thus, the tort cause of action alleged by the plaintiffs against the defendants also accrued in Volusia County.
The plaintiffs properly exercised their right to choose venue, and the defendants failed to prove that venue was improper in Volusia County, only that it was also proper in Putnam County. The plaintiffs' choice of venue is favored under Florida law if the election is one which has been properly exercised. See Houston v. Caldwell, 359 So.2d 858 (Fla. 1978), and cases cited therein. We reverse the trial court's transfer of venue from Volusia County to Putnam County and remand for further proceedings in Volusia County, Florida.
REVERSED.
UPCHURCH, C.J., and ORFINGER, J., concur.