525 So.2d 502 (1988)
Linda SCHECTER, Appellant,
v.
Neil FISHMAN, Etc., et al., Appellees.
No. 87-2360.
District Court of Appeal of Florida, Fifth District.
May 26, 1988.
Randal L. Schecter of Callahan, Schecter & Barth, Tallahassee, for appellant.
J. Peyton Quarles of Black, Crotty, Sims, Hubka, Burnett & Samuels, Daytona Beach, for appellees.
DANIEL, Judge.
Linda Schecter appeals this nonfinal order,[1] contending that the trial court erred in transferring her suit against Neil Fishman, Robert Miles and Fishman, Miles & Associates, Inc., formerly known as Schecter Associates, Inc., from Volusia County to Dade County. We agree and reverse.
In August 1982, Mrs. Schecter entered into a settlement agreement with Fishman, Miles and Schecter Associates which ended litigation brought by Mrs. Schecter against the defendants in Volusia County. Mrs. Schecter agreed to transfer all of her stock in Schecter Associates back to the corporation, voluntarily dismiss her lawsuit and execute a release in favor of the defendants except for sums due her under a wage continuation plan, the loan balance due her deceased husband and the claim for commissions due the husband. These sums were to be paid by the corporation at the rate of $500.00 per month beginning November 3, 1982. Mrs. Schecter also agreed to deliver any funds remaining in a corporate account in Volusia County, as well as all corporate books and records, to Fishman in Miami.
When Mrs. Schecter did not receive the November payment, she filed suit against the defendants in Volusia County for fraud and deceit, violation of a fiduciary duty, and breach of contract. Mrs. Schecter alleged that, at all material times, she has been a continuous and permanent resident of Volusia County, that Fishman has been the president, director and shareholder of *503 the corporation, that Miles has been a director and shareholder of the corporation, and that the corporation was organized under the laws of Florida with its principal place of business in Miami, Dade County.
The defendants moved to transfer venue from Volusia County to Dade County. At the hearing on the motion, defense counsel stated that Miles lives in Atlanta, Georgia, that Fishman lives in Dade County, and that the corporation is in Dade County. It was uncontested that Mrs. Schecter lives in Volusia County. The court later entered an order transferring the case to Dade County.
Section 47.011, Florida Statutes (1985) provides that actions shall be brought only in the county where the defendant resides, where the cause of action accrued or where the property in question is located. Section 47.051, Florida Statutes (1985) provides that actions against domestic corporations shall be brought only in the county where such corporation has or usually keeps an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. The plaintiff's choice of venue is favored under Florida law if the election is one which has been properly exercised. Ivey v. Padgett, 502 So.2d 22 (Fla. 5th DCA 1986). The party seeking the change in venue has the burden of establishing that the initial choice of venue was improper and not just that venue is proper elsewhere. Ivey; Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983).
For venue purposes in a contract action, a cause of action accrues where the contract is breached. Orange Blossom Enterprises v. Brumlik, 430 So.2d 13 (Fla. 5th DCA 1983); Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). Where a cause of action is based on a failure to pay money due under the contract, the county where the payment was agreed to be made is where the breach of contract occurs and the cause of action on the contractual obligation accrues. Where the contract does not expressly provide a place of payment, it is implied that the debtor must seek the creditor and that payment is to be made in the county where the payee resides. Crescent Beach, Inc. v. Jarvis; Excel Ins. Co. v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981). Here the settlement agreement did not expressly provide a place of payment and thus the defendants were required to seek Mrs. Schecter, the payee, where she resides. Mrs. Schecter resides in Volusia County and therefore the cause of action accrued in Volusia County and venue was proper in Volusia County. The defendants established only that venue was proper in Dade County but not that venue was improper in Volusia County.[2] Since the plaintiff's choice of venue is favored, the action should not have been transferred to Dade County. Accordingly, we reverse the trial court's transfer of venue from Volusia County to Dade County and remand for further proceedings in Volusia County.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(A).
[2] On appeal, the defendants argue that the action was properly transferred to Dade County pursuant to section 47.122, Florida Statutes (1985), the forum non conveniens statute. This section provides that for the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought. The court below, however, did not rely on this section but rather determined that Dade County was intended to be the situs of the agreement and its performance. However, as was noted above, the agreement was silent as to the place of payment.