542 So.2d 408 (1989)
Kelvin OLIVER, Appellant,
v.
Charles SEVERANCE, Appellee.
No. 88-2195.
District Court of Appeal of Florida, First District.
April 11, 1989.
*409 Eugene F. Shaw, Starke, for appellant.
Stephen A. Smith of Stephen A. Smith, P.A., Lake City, for appellee.
ERVIN, Judge.
Kelvin Oliver, d/b/a Kelvin Oliver Agency (Oliver), appeals from a nonfinal order denying his motion for change of venue from Columbia County to Clay County. We affirm.
On or about October 26, 1987, appellee Charles Severance (Severance), on behalf of Severance Trucking, Inc., procured a policy of workers' compensation insurance from Oliver, who did business in Clay County. More than two months thereafter, Severance was injured in an industrial accident and, therefore, made a claim for workers' compensation benefits under the policy. The insurer, however, refused to pay the claim, asserting that Severance had exempted himself from coverage under the policy by executing a certificate of exemption,[1] which Severance now claims was forged. As a result of the denial of his claim, Severance filed suit in Columbia County, the county where he resides and where the industrial accident occurred, against Oliver and the insurer. The complaint sounded in three counts, the first being one for declaratory relief; the second alleged Oliver was negligent in failing to procure adequate insurance for Severance; and the third alleged Oliver breached their oral contract by failing to procure adequate coverage.
Oliver thereafter moved to dismiss the complaint for improper venue or, in the alternative, to transfer the action to Clay County. In support of his motion, Oliver submitted an affidavit alleging that he was a resident of Clay County; that he was engaged in the business of a general lines insurance agency in Clay County; that he had never resided in Columbia County, or operated a business in that county; that any insurance policy issued by him was issued at his place of business; that all papers, documents or other writings which were the subject of the action were located at his place of business in Clay County; that any payments received by his insurance agency relating to the insurance policy were paid to and received at his place of business in Clay County; that all witnesses who might be called to present evidence in the action, except Severance, live and reside in Clay County; that the application for workers' compensation insurance was taken at his place of business in Clay County; and finally, that the insurance policy which was the subject of the action was received by him at his agency in Clay County and forwarded to Severance by United States mail.
The trial court initially entered an order granting Oliver's motion for change of venue to Clay County, and then, after considering Severance's motion for rehearing, granted the motion for rehearing and denied the motion for change of venue. In affirming the court's order denying the motion for change of venue, we agree that Section 47.011, Florida Statutes (1987), permits the cause of action to proceed in Columbia County. That section provides:
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.
(Emphasis added.)
Severance correctly states that the above statute gives to him the option of venue selection, and as long as that selection is one of the statutory alternatives, it should not be disturbed. See Williams v. Union Nat'l Ins. Co., 528 So.2d 454, 456 (Fla. 1st DCA 1988). He contends that venue is proper in Columbia County, because his tort claim alleging, Oliver's negligence in failing to procure adequate workers' compensation insurance, accrued in Columbia County, due to his injuries being *410 sustained in that county. We agree that venue in Columbia County is proper.
Suits involving several causes of action "may be brought in any county where any of the causes of action arose." § 47.041, Fla. Stat. (1987); see also Pearson v. Wallace Aviation, Inc., 400 So.2d 50 (Fla. 5th DCA 1981) (suit sounding in both tort and contract could be brought where tort was complete). A suit for declaratory relief does not, however, constitute a "cause of action" for venue purposes. Soowal v. Marden, 452 So.2d 625, 626 (Fla. 3d DCA 1984); Windsor v. Migliaccio, 399 So.2d 65, 66 (Fla. 5th DCA 1981). Therefore, for venue to be proper in Columbia County, either the breach of contract or the tort action had to accrue in Columbia County.
The law is well-established that a breach of contract action accrues where the alleged breach occurs, i.e., where the defendant fails to perform the covenant that he allegedly breached. Perry Bldg. Sys. v. Hayes & Bates, Inc., 361 So.2d 443, 444 (Fla. 1st DCA 1978) (venue was proper in county where defendant wrote letter renouncing contract); Ivey v. Padgett, 502 So.2d 22, 23 (Fla. 5th DCA 1986) (legal malpractice action accrued in county where defendant failed to timely file complaint). Here, it is alleged that under the terms of his contract with Severance, Oliver was to procure workers' compensation insurance covering all employees of Severance Trucking, Inc., including Severance himself. The alleged breach of this contract necessarily had to occur in Columbia County, the county where Severance's business was located and where Oliver would pay the loss sustained by Severance in the event he suffered a work-related injury required under the terms of the insurance contract. Thus, venue could properly lie in Columbia County under a contract theory. The general rule governing venue in actions for breaches of obligations relating to insurance contracts is stated as follows:
A cause of action for a breach of an obligation to pay under an insurance policy arises at the place where the insurer is to pay the loss, and where the policy is silent as to where the payment of the loss is to be made, it is presumably to be made at the residence of the insured, and therefore a cause of action arises and is maintainable in the county of the insured's residence where the insurer fails to pay in such county.
44 Am.Jur.2d Insurance § 1872, at 870 (1982) (emphasis added).
The above rule was followed in Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Ass'n, 215 Kan. 937, 529 P.2d 171 (1974), in which an insurer brought a declaratory judgment suit to determine its liability under an accidental death policy written on an insured who had been killed in an airplane crash. At issue before the court was whether the decedent was covered under an aviation exclusion clause of the policy, due to the insured's death in an airplane crash. The Supreme Court of Kansas held that the cause of action accrued in the county where the insured resided at the time of his death, the place where payment, but for the breach, should have been made. In construing a provision of Kansas' general venue statute, permitting an action in the county "in which the cause of action arose,"[2] the Supreme Court of Kansas rejected the insurer's argument that venue could lie only in the county where the contract of insurance was made. The court observed that the rule fixing venue for the purpose of breach of insurance contracts is no different from the rule governing breach of contracts in general, and therefore venue of the cause of action arose in the county where the decedent resided, the place where the contract, but for the occurrence of the breach, should have been performed.
The above rule was also applied in Beacon Nat'l Ins. Co. v. Byrd, 652 S.W.2d 515 (Tex. Ct. App. 1983), in which it was held that the contractual breach did not occur until the insured was informed by the insurer, at the place of the insured's residence, of the insured's refusal to pay a claim on a fire *411 loss pursuant to the terms of an insured's homeowner's policy.
Although the above case involved a suit against an insurer and not an insurance agent, as here, we do not consider the rule placing venue in the county of the insured's residence to be any different simply because the instant appeal involves only the issue of whether an action for breach of damages in contract may be maintained in the county of an insured's residence against a nonresident insurance agent. The rule is well established that if "an insurance agent or broker undertakes to obtain coverage for another person and fails to do so, he may be held liable for resulting damages to that person for breach of contract or negligence." Klonis ex rel. Consol. Am. Ins. Co. v. Armstrong, 436 So.2d 213, 216 (Fla. 1st DCA 1983), review denied, 449 So.2d 264 (1984). Moreover, the measure of damages to be recovered against an insurance agency should usually be determined by comparing what the insured would have received had the contract been performed with his actual net recovery. See deMarlor v. Foley Carter Ins. Co., 386 So.2d 22, 24 (Fla. 2d DCA 1980); 43 Am.Jur.2d Insurance § 139, at 223 (1982).
The general rule in Florida regarding the fixing of venue for breach of contract actions is the same as actions for breaches of contracts against insurers. In the absence of an agreement concerning where an action may be brought for damages for breach of contract, a cause of action accrues in the county where the breach occurs. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934). Thus, if a contract is one involving the payment of money, and the payments under the contract are to be made in another county, an action for breach of the contract may be maintained in the county where such payments were to be made. Croker, 156 So. at 151. Moreover, if no place of payment is expressly agreed upon, it may be implied that payment is to be made where the payee resides or has an established place of business. Id. Finally, if there is an express promise to pay, and no place of payment is stipulated, the cause of action accrues where the default occurred, even though it may be in the county where the plaintiff resides, and the action therefore may be maintained in such county. Id.
Under a tort theory, the cause of action accrues when the act creating the right to bring the suit has occurred. Soowal, 452 So.2d at 626 (trademark infringement cause of action accrued where the alleged prohibited use occurred). This normally occurs when and where the plaintiff suffers his injuries. Perry Bldg. Sys., 361 So.2d at 444. Cf. Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc., 278 So.2d 647 (Fla. 1st DCA 1973) (alleged collusion occurred in Duval County, however, injury came into existence in Putnam County). The rule applies not only to personal injuries and property damage, but also to economic or intangible losses. E.g., Soowal. Where the asserted negligence impacts the plaintiff's economic interests, the tort claim accrues "where the last event necessary to make the defendant liable for the tort took place." Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA), review denied, 494 So.2d 1153 (1986) (legal malpractice action for negligent professional advice).
In the case at bar, although Oliver's alleged negligence in procuring adequate workers' compensation insurance for Severance occurred in Clay County where Oliver's place of business was located, Severance's damages  economic loss caused when the insurance policy did not cover his claim  did not occur until he was involved in the industrial accident in Columbia County. His claim on the policy against Oliver arose only after he had suffered a loss as a result of the accident. Therefore, under the tort theory, the action necessarily accrued in Columbia County.
Because we find that venue under the both tort and contract theories is proper in Columbia County, we AFFIRM.
SMITH, C.J., and NIMMONS, J., concur.
NOTES
[1] A corporate officer or sole proprietor may elect to exempt himself from coverage under a workers' compensation policy. See § 440.05, Fla. Stat. (1987).
[2] Kan. Stat. Ann. §§ 60-603[3], 60-604[2] (Supp. 1973).