THOMPSON, Judge,
concurring specially.
This cause of action could have been permissively filed against Roberts wherever the cause of action accrued. §§ 47.011,[1] 47.051, Fla.Stat. (1991).
Since the alleged professional negligence occurred in significant part at the closing in Orange County, venue was permissible in Orange County. Because Roberts has its place of business in Lake County and the property which was the basis of the closing is located in Lake County, venue was permissible in Lake County. Therefore, as the Ca-sons’ cause of action accrued in both Orange and Lake Counties, venue was proper in either county as a matter of law. Ivey v. Padgett, 502 So.2d 22 (Fla. 5th DCA 1986).
In Ivey, this court found that venue for a legal malpractice claim was proper in Volusia County where the medical malpractice claim was to have been filed against a Volusia County physician. The tort action arose because the law firm allowed the statute of limitations to expire. Although the law firm resided in Putnam County, we held that venue was proper in either county stating “[i]n a tort action, the cause of action accrues where the act (or omission) creating the right to bring the action accrued.” Id. at 23. In the ease sub judice, the act or omission creating the right to bring the action accrued in Orange County. Since the plaintiffs have the right to choose venue, the trial court properly found venue in Orange County.

. Section 47.011 provides in relevant part:
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located, (emphasis supplied.)
§ 47.011, Fla.Stat. (1991).