745 So.2d 482 (1999)
DIVE BIMINI, INC.; Dive Bimini, Ltd.; Scuba Bimini, Inc.; Scuba Bimini, Ltd.; Offshore Enterprises of Jacksonville, Inc.; and John C. Norwood, Appellants,
v.
Diane E. ROBERTS, individually, and as personal representative of the Estate of Brett A. Roberts, and as parent and guardian of Paul A. Roberts, Michael B. Roberts, and Sandra E. Roberts, Appellees.
No. 99-1285.
District Court of Appeal of Florida, First District.
November 22, 1999.
*483 Mark A. Hruska, Boca Raton, for Appellants.
Michael P. Milton of Milton, Leach & D'Andrea, Jacksonville, for Appellees.
VAN NORTWICK, J.
Dive Bimini, Inc. (Dive Bimini), Scuba Bimini, Inc. (Scuba Bimini), and John C. Norwood appeal a non-final order denying their motions to dismiss or transfer for improper venue.[1] Because it is undisputed on the limited record before us that one of the corporate defendants in the instant action has its principal place of business in Duval County, Florida, we affirm.
As a threshold issue, we are required to address our standard of review. Appellees mistakenly argue that all venue orders are reviewable under an abuse of discretion standard. While the review of a trial court's discretionary decision to change venue is reviewable under an abuse of discretion standard, see, e.g., Hu v. Crockett, 426 So.2d 1275, 1281 (Fla. 1st DCA 1983); Stoppa v. Water Oak Management Corp., 584 So.2d 161, 163 (Fla. 1st DCA 1991); Tindall v. Smith, 601 So.2d 627 (Fla. 2d DCA 1992), the issue here does not involve a discretionary decision. As we have recently explained:
Whether venue is proper in a particular forum, however, is not a matter of judicial discretion. If there is no legal basis to support the plaintiff's choice of venue, the trial court must dismiss the case or transfer it to a forum that is authorized under the applicable venue statute. This kind of venue motion usually presents an issue of law or a mixed issue of law and fact. The question is not whether the trial court should transfer venue, but whether it must.
Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999). Here, because there are no disputed facts and the venue order turns on a question of law, we review *484 the order by the de novo standard. See, id.
Brett A. Roberts, husband of appellee, Diane Roberts, died while scuba diving near the island of Bimini, Bahama Islands, from a vessel allegedly owned by the corporate defendants and operated by appellant Norwood. Appellee brought a negligence action in Duval County, Florida, against Dive Bimini, Inc., Dive Bimini, Ltd., Scuba Bimini, Inc., Scuba Bimini, Ltd., Offshore Enterprises of Jacksonville, Inc., and John C. Norwood. Norwood, Dive Bimini, and Scuba Bimini moved to dismiss or transfer for improper venue, arguing that "Scuba Bimini and Dive Bimini are the only corporate entities conceivably involved in this litigation;" and that Broward County is the only proper venue pursuant to section 47.051, Florida Statutes (1997),[2] because the only place of business for those corporations are located in Broward County and Norwood is not a resident of Duval County. Appellees contend that venue is proper in Duval County because (i) the articles of incorporation of both Dive Bimini and Scuba Bimini set forth Duval County as the location of its principal place of business and of its agent for service of process; and (ii) it is undisputed that Offshore Enterprises of Jacksonville, Inc., a defendant below, maintained its principal place of business in Duval County, Florida.
The trial court, following a hearing which was not transcribed for the record, summarily denied the appellants' motion to dismiss or transfer. We are not required to address whether, based solely on the designated principal place of business in the articles of incorporation of Scuba Bimini and Dive Bimini, either corporation can be said to have "an office for transaction of its customary business" in Duval County for the purpose of establishing venue pursuant to section 47.051. Under section 47.011, Florida Statutes (1997), an action must be brought in the county where a defendant resides, where the cause accrued, or where the property in litigation is located. Under section 47.021, Florida Statutes (1997), an action "against two or more defendants residing in different counties may be brought in any county where the defendant resides." Thus, venue for an action against multiple defendants is proper in any county in which one of the defendants resides. See Bone v. Bone, 677 So.2d 82, 83 (Fla. 2d DCA 1996); Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc., 278 So.2d 647, 649 (Fla. 1st DCA 1973). Further, the plaintiffs venue selection is presumptively correct and the party challenging venue has the burden to demonstrate any impropriety in the choice of venue. Barr v. Florida Bd. of Regents, 644 So.2d 333, 335 (Fla. 1st DCA 1994).
While Norwood, Dive Bimini, and Scuba Bimini argue that they "are the only appropriate defendants" in this case, we cannot simply assume that to be true. Appellants do not assert that Offshore Enterprises maintains its principal place of business in a location other than Duval County, only that Offshore Enterprises "had nothing to do with the diving operation in question." Offshore Enterprises has not been dismissed from the cause, however, and we have no basis to rule that Norwood, Dive Bimini, and Scuba Bimini are the only appropriate defendants. Because appellants do not dispute that Offshore Enterprises "resides" in Duval County for the purposes of venue, the order under review is AFFIRMED.
JOANOS AND LAWRENCE, JJ., CONCUR.
NOTES
[1] We have jurisdiction pursuant to rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.
[2] Section 47.051, Florida Statutes (1997), provides, in pertinent part, as follows:

Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.