TAYLOR, J.
 

 American Vehicle Insurance Company (AVIC) appeals a non-final order denying its motion to dismiss or transfer venue from Palm Beach County to Broward County. Because the Estate’s cause of action against AVIC accrued in Palm Beach County, venue was proper in Palm Beach. Accordingly, we affirm the trial court’s order denying the motion to transfer venue.
 

 The underlying litigation arose from a car accident in Palm Beach County involving AVIC’s insured, John Perkins, a Palm Beach County resident, and Molly Swaby. Swaby died in Palm Beach County as a result of the accident, and her Estate was opened in Palm Beach County. Perkins’s policy was issued for delivery to him in Palm Beach County and provided liability insurance limits of $10,000 per person and $20,000 per accident. Olive Goheagan, as Personal Representative of the Estate of Molly Swaby, filed a negligence action against Perkins in Palm Beach County. The trial resulted in a final judgment against Perkins for $2,792,893.65. Thereafter, Perkins assigned all of his claims against AVIC to the Estate.
 

 The Estate filed a complaint in Palm Beach County against AVIC alleging bad faith in its handling of the Estate’s claim against Perkins. AVIC filed a Motion to Dismiss or Motion to Transfer Venue from Palm Beach County to Broward County, asserting that Broward County is the only proper venue for this action. In support of its motion, AVIC filed an affidavit of one of its representatives, C. Brian Turnau, attesting that AVIC does not maintain any offices or “captive agents” in Palm Beach County, AVIC’s office for transaction of customary business is located in Broward County, and the claim against Perkins was adjusted in Broward County. The Estate responded with an affidavit of its attorney, Richard D. Schuler, asserting,
 
 inter alia,
 
 that Swaby and Perkins were Palm Beach County residents, Perkins’s policy was issued for delivery by AVIC in Palm Beach County, the accident occurred in Palm Beach County, the Estate was opened in Palm Beach County, all communications concerning adjustment of the claim against Perkins occurred in Palm Beach County, AVIC failed to timely tender the policy limits in Palm Beach County, and the final judgment from the underlying action remains pending in Palm Beach County. After the hearing, the trial court entered a non-final order denying AVIC’s motion. AVIC filed this appeal.
 

 “[W]hen a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiffs venue selection, the defendant is arguing that, as a matter of law, the lawsuit has been filed in the wrong forum. In order to rule on such a motion, the trial court needs to resolve any relevant factual disputes and then make a legal decision whether the plaintiffs venue selection is legally supportable. A trial court’s factual decisions in this context are reviewed to determine whether they are supported by competent, substantial evidence or whether they are clearly erroneous. The trial court’s legal conclusions are reviewed de novo.”
 
 PricewaterhouseCoopers LLP v. Cedar Res., Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999) (internal citations omitted).
 

 The plaintiff has the prerogative to choose the venue, and as long as that selection is proper as provided by statute, the court will not disturb the selection.
 
 Padin v. Travis,
 
 990 So.2d 1255, 1256 (Fla. 4th DCA 2008) (citing
 
 Premier Cruise Lines, Ltd., Inc. v. Gavrilis,
 
 554 So.2d 659,
 
 *1003
 
 660 (Fla. 3d DCA 1990)). Although an unsworn complaint is sufficient to allege venue, absent a challenge by a defendant, when a defendant challenges venue by filing an affidavit controverting the plaintiff’s venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection.
 
 Miller v. Southland Ins. Co.,
 
 513 So.2d 800, 801 (Fla. 4th DCA 1987) (citing
 
 Tropicana Prods., Inc. v. Shirley,
 
 501 So.2d 1373, 1375 (Fla. 2d DCA 1987)). If the defendant makes the proper showing, the court should, if possible, transfer the case to the correct venue, pursuant to Florida Rule of Civil Procedure 1.060(b), rather than dismiss it.
 
 Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat’l Bank of Melbourne & Trust Co.,
 
 238 So.2d 665, 667 (Fla. 4th DCA 1970) (citing
 
 Foy v. State Road Dep’t,
 
 166 So.2d 688 (Fla. 3d DCA 1964)).
 

 AVIC moved to dismiss this casé, or in the alternative, transfer it to Broward County. It supported the motion with an affidavit from an AVIC representative, who alleged venue was proper only in Bro-ward County, as that was where AVIC maintained an office for customary business and where the claim was adjusted. The burden then shifted to the Estate to prove that its venue selection was proper. The Estate met this burden by filing an affidavit attesting that most of the underlying events that led to the bad faith claim occurred in Palm Beach.
 

 AVIC filed its motion to dismiss or transfer venue pursuant to section 47.051, Florida Statutes (2008), which provides that “[ajctions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.” Here, it is undisputed that AVIC does not have an office in Palm Beach County and there is no property in litigation. Thus, the issue is whether the cause of action accrued in Palm Beach County or Broward County.
 

 In Florida a bad faith claim is an action
 
 ex contractu. N. Am. Van Lines, Inc. v. Lexington Ins. Co.,
 
 678 So.2d 1325, 1330 (Fla. 4th DCA 1996) (citing
 
 Nationwide Mut. Ins. Co. v. McNulty,
 
 229 So.2d 585 (Fla.1969)). When bad faith is alleged, “the cause is one for breach of a contractual obligation implied in law, namely good faith.”
 
 Id.
 
 Further, ‘“[a] cause of action on a contract accrues for venue purposes where the breach of that contract occurs, and if a contract involves performance, the breach occurs where the defaulting party fails to perform an act that it has agreed to do.’ ”
 
 Koslow v. Sanders,
 
 4 So.3d 37, 38 (Fla. 2d DCA 2009) (quoting
 
 Speedling, Inc. v. Krig,
 
 378 So.2d 57, 58 (Fla. 2d DCA 1979)).
 

 In
 
 Oliver v. Severance,
 
 542 So.2d 408, 409 (Fla. 1st DCA 1989), Severance obtained insurance through Oliver, who did business in Clay County. Severance was later injured and made a claim, which was denied.
 
 Id.
 
 Severance filed suit in Columbia County, where he resided and where the accident occurred.
 
 Id.
 
 Oliver moved to have the case transferred to Clay County and filed an affidavit in support. The court initially granted the motion, but on rehearing, reversed and denied it.
 
 Id.
 
 The first district affirmed, reasoning that because it was alleged that “under the terms of his contract with Severance, Oliver was to procure workers’ compensation insurance covering all employees of Severance Trucking, Inc., including Severance himself[,][t]he alleged breach of this contract necessarily had to occur in Columbia County, the county where Severance’s business was located and where Oliver would pay the loss sustained by Severance in the event he suffered a work-related
 
 *1004
 
 injury required under the terms of the insurance contract.”
 
 Id.
 
 at 410.
 

 The
 
 Oliver
 
 court also discussed with approval
 
 Alliance Life Insurance Co. v. Ulysses Volunteer Fireman’s Relief Rescue Ass’n., 215
 
 Kan. 937, 529 P.2d 171 (1974), where “[t]he court observed that the rule fixing venue for the purpose of breach of insurance contracts is no different from the rule governing breach of contracts in general, and therefore venue of the cause of action arose in the county where the decedent resided, the place where the contract, but for the occurrence of the breach, should have been performed.”
 
 Oliver,
 
 542 So.2d at 410 (citing
 
 Alliance Life Ins.,
 
 215 Kan. 937, 529 P.2d 171).
 

 In
 
 Ivey v. Padgett,
 
 502 So.2d 22, 23 (Fla. 5th DCA 1986), plaintiffs filed a complaint against defendants alleging legal malpractice for failing to file a claim in Volusia County, where the underlying claim occurred, and appealed the trial court’s granting of a motion changing venue to Putnam County. The fifth district reversed, explaining that “[w]hen the contract is one for the performance of services, the cause of action for failure to perform the agreed services accrues where it is alleged that the agreed services were to have been, but were not, performed.”
 
 Id.
 
 (citing
 
 Windsor v. Migliaccio,
 
 399 So.2d 65 (Fla. 5th DCA 1981)). The court held that because the defendants failed to file the claim in Volusia County, the “contractual cause of action ... accrued in Volusia County where the defendants’ services, the timely filing of the medical malpractice action, were to have been performed.”
 
 Id.
 

 Although not directly on point, cases applying Florida choice-of-law principles are instructive on this venue issue. In
 
 Teachers Insurance Co. v. Berry,
 
 901 F.Supp. 322, 323-24 (N.D.Fla.1995), a choice-of-law case between Florida and Mississippi, respondents counterclaimed against the insurance company, alleging it acted in bad faith in failing to settle the underlying wrongful-death action between themselves and the victim’s estate. The court held that the place of the insurance company’s “performance under the insurance policy is Florida. Florida is the place [where] the wrongful death action against respondents was brought, maintained, defended, and where negotiation for settlement between the adjuster for [the insurance company] and counsel for Estate of [the victim] commenced.”
 
 Id.
 
 at 324.
 

 In
 
 Government Employees Insurance Co. v. Grounds,
 
 332 So.2d 13, 14-15 (Fla.1976), the Florida Supreme Court held that Florida law controlled a bad faith
 
 ex contractu
 
 action, rather than Mississippi law, because Florida was the place of performance where the insurance company breached its duty by failing to provide the insured with a good faith defense to the underlying action.
 

 AVIC’s breach of its contractual obligation occurred when it allegedly failed to exercise its duties of good faith; its duties should have been performed in Palm Beach County. As explained in
 
 Ivey,
 
 a cause of action accrues where services “were to have been, but were not, performed.” 502 So.2d at 23 (citing
 
 Windsor,
 
 399 So.2d 65). These duties included making a settlement offer and/or tendering the policy limits to the Estate, which was opened in Palm Beach County; investigating and evaluating the claim, when the accident occurred in Palm Beach County; and advising and warning Perkins, who resided in Palm Beach County, of possible outcomes, risks, and consequences. Although the physical location of the adjuster was in Broward County, the totality of the circumstances support venue being proper in Palm Beach County.
 

 
 *1005
 
 Accordingly, we affirm the trial court’s denial of AVIC’s motion to transfer venue.
 

 Affirmed.
 

 GERBER and LEVINE, JJ., concur.