PER CURIAM.
Appellant, Mercury Insurance Company of Florida, appeals the trial court’s non-final order transferring venue of its declaratory judgment action from Leon County to Gadsden County. Because the totality of the circumstances supports venue in Gadsden County, we affirm.
Bryce Crosby, Appellant’s insured, was involved in an automobile accident in Gadsden County in which the minor children of Appellees were injured, one fatally. Ap-pellees, all of whom reside in Gadsden County, hired counsel located in Leon County. According to Appellant’s allegations below, Appellees’ counsel returned Appellant’s settlement check because of its “alleged failure to comply with the terms of his ‘global’ offer to settle the matter.” Appellees subsequently filed suit against Randall and Bryce Crosby, both of whom lived in Leon County when the accident occurred. Appellees accepted consent judgments from the Crosbys, and the Crosbys assigned to Appellees any right they had to bring an action against Appellant for allegedly acting in bad faith in the handling of their claim.
Prior to Appellees filing a bad faith action against Appellant in Gadsden County, Appellant sought a declaratory judgment in Leon County as to whether it had acted in good faith in adjusting the claims against the Crosbys. Appellees moved to transfer venue to Gadsden County, arguing that Leon County was not the proper forum for the case. During the hearing on the motion, both sides’ counsel acknowledged that the issue was whether Appellant failed to settle Appellees’ claims against the Crosbys. This appeal followed.
Actions must be brought in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. § 47.011, Fla. Stat. While a trial court’s discretionary decision to change venue is reviewable under an abuse of discretion standard, the issue of whether venue is proper in a particular forum is not a matter of judicial discretion. Dive Bimini, Inc. v. Roberts, 745 So.2d 482, 488 (Fla. 1st DCA 1999). If there is no legal basis to support a plaintiffs choice of venue, the trial court must dismiss the case or transfer it to the appropriate venue. Id.
The issue in this case is where the cause of action accrued. A suit for declaratory relief does not itself constitute a cause of action for venue purposes. *1131 Royal Jones & Assocs., Inc. v. Cigna Ins. Co., 575 So.2d 309, 310 (Fla. 2d DCA 1991). Instead, it is the underlying relief sought that determines venue. Id. When an insured brings an action in Florida against his or her carrier for failure to settle a third party’s claim, the action sounds in contract. Swamy v. Caduceus Self Ins. Fund, Inc., 648 So.2d 758, 760 (Fla. 1st DCA 1994). A breach of contract action accrues for venue purposes where the contract was breached or, in other words, where the defendant failed to perform the covenant that was allegedly breached. Symbol Mattress of Fla., Inc. v. Royal Sleep Prods., Inc., 832 So.2d 233, 236 (Fla. 5th DCA 2002).
The Fourth District has recently addressed the issue of where a bad faith cause of action accrues for venue purposes. In American Vehicle Insurance Company v. Goheagan, 35 So.3d 1001, 1002 (Fla. 4th DCA 2010), the appellant insurance company appealed from an order denying its motion to dismiss or transfer venue of the case against it from Palm Beach County to Broward County, where its office was located. The underlying litigation arose from a car accident in Palm Beach County involving the appellant’s insured, a Palm Beach County resident, and a woman who died in Palm Beach County as a result of the accident. 35 So.3d at 1002. The decedent’s estate was opened in Palm Beach County. Id. After the insured was found liable, he assigned his claims against the appellant to the estate. Id. The estate filed suit against the appellant in Palm Beach County, alleging bad faith in its handling of its claims against the insured. Id. The trial court denied the appellant’s motion to transfer venue to Broward County. Id. The Fourth District affirmed, reasoning:
These duties [of good faith] included making a settlement offer and/or tendering the policy limits to the Estate, which was opened in Palm Beach County; investigating and evaluating the claim, when the accident occurred in Palm Beach County; and advising and warning Perkins [the insured], who resided in Palm Beach County, of possible outcomes, risks, and consequences. Although the physical location of the adjuster was in Broward County, the totality of the circumstances support venue being proper in Palm Beach County.
Id. at 1004.
Turning to the case before us, not only did the underlying accident occur in Gadsden County, the estate was also opened there. Any settlement would have ultimately been paid there as well, notwithstanding the fact that Appellees’ counsel was located in Leon County. Although the Crosbys resided in Leon County, this case, as the parties acknowledged below, was about the alleged failure to settle, not about the failure to warn or advise the Crosbys. As such, while an insured’s county of residence may be a significant factor in other cases where venue in bad faith actions is at issue, it is not a significant factor here. Based upon the unique facts presented in this case, we hold that the totality of the circumstances supports venue in Gadsden County.
Accordingly, the trial court’s order is AFFIRMED.
WEBSTER, DAVIS, and MARSTILLER, JJ., concur.