DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MIRACLE CHIROPRACTIC & REHAB CENTER** a/a/o
**SAMUEL JOSEPH,**
Appellant,

v.

**21ST CENTURY CENTENNIAL INSURANCE COMPANY,**
Appellee.

No. 4D21-616

[May 12, 2021]

Appeal of nonfinal order from the County Court for the Seventeenth Judicial Circuit, Broward County; Ellen Feld, Judge; L.T. Case Nos. COWE20-8253 and CACE20-20037.

Christina M. Kalin and John C. Daly of Daly & Barber, P.A., Plantation for appellant.

No appearance filed for appellee.

GERBER, J.

The provider-assignee appeals from the county court's order granting the insurer's motion to transfer the underlying action's venue from Broward County to Polk County. Because the insurer's motion was not verified or supported by affidavit, the county court erred in granting the motion. *See Am. Vehicle Ins. Co. v. Goheagan*, 35 So. 3d 1001, 1003 (Fla. 4th DCA 2010) ("[W]hen a defendant challenges venue *by filing an affidavit controverting the plaintiff's venue allegations*, the burden shifts to the plaintiff to establish the propriety of the venue selection.") (emphasis added). Therefore, we reverse the order on appeal, and remand for the county court to permit the insurer to file a verified motion or affidavit supporting the motion to transfer venue.

Presuming the insurer does so, the burden shall shift to the provider to establish, by evidence, the propriety of its venue selection. *See id.* If the provider fails to present any such evidence, then the county court shall grant the insurer's motion. *See Gino Vitiello, M.D., P.A. v. Genovese Joblove & Battista, P.A.,* 123 So. 3d 1185, 1188 (Fla 4th DCA 2013)

(reversing the circuit court's order denying the defendants' motion to transfer venue from Broward County to Miami–Dade County, where once the defendants met their initial burden to establish, by affidavit, that venue was proper in Miami–Dade County, the plaintiff failed to file any sworn evidence to establish that venue was proper in Broward County).

However, presuming the provider presents evidence supporting its venue selection, the county court shall hold an evidentiary hearing to resolve any relevant factual disputes and then make a legal decision whether the provider's venue selection is legally supportable. *See Fla. Gamco, Inc. v. Fontaine*, 68 So. 3d 923, 928 (Fla. 4th DCA 2011) ("In order to rule on such a motion, the trial court needs to resolve any relevant factual disputes and then make a legal decision whether the plaintiff's venue selection is legally supportable.").

*Reversed and remanded with instructions.*

GROSS and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**