221 So.2d 208 (1969)
Kendrick D. McNULTY, Appellant,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, Appellee.
No. 68-802.
District Court of Appeal of Florida. Third District.
April 1, 1969.
Rehearing Denied April 30, 1969.
*209 Frates, Fay, Floyd & Pearson and Larry S. Stewart, Miami, for appellant.
Weinstein, Weissenborn & Burr, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
CHARLES CARROLL, Chief Judge.
The appellant Kendrick D. McNulty was injured when struck by the vehicle of Timothy Peter Garvey. He sued Garvey and obtained judgment for $18,000. Garvey was insured under an automobile liability indemnity policy issued by the appellee Nationwide Mutual Insurance Company. The liability indemnity coverage limitation for injury to one person was $10,000. Prior to, and again during pendency of the suit McNulty made offers to settle for an amount within the policy limit, which were refused by the insurer without counter offer.
After entry of the judgment against him, Garvey assigned to McNulty his claim against Nationwide for the excess of the judgment over the insurance coverage limit. McNulty, on the basis of that assignment, then brought this action against Nationwide, alleging negligent and bad faith refusal to settle within the policy limit. Nationwide moved to dismiss, asserting as one ground that such suit could not be maintained by an assignee. The motion was granted, and the cause dismissed. Thereupon the plaintiff-assignee filed this appeal. The order of dismissal did not state the ground or grounds on which it was predicated. We agree with appellant's contention that the complaint was not properly subject to dismissal on the grounds of the motion stated in addition to the one referred to above.
Concerning the propriety of the cause of action asserted, the brief of the appellee contains the following concession: "That such liability for the said `excess' in the judgment is owing from the insurer to its insured is clearly the law if the facts of the case warrant same. See American Fire and Casualty Co. v. Davis (Fla.App. 1962), 146 So.2d 615; and American Fidelity & Casualty Co. v. Greyhound Corp., (5 Cir.1958) 258 F.2d 709." See also Auto Mut. Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852.
The judgment creditor does not have a direct right of action against the insurer for such excess (Sturgis v. Canal Insurance Co. of Greenville, South Carolina, Fla. 1960, 122 So.2d 313), in absence of a provision in the insurance policy granting the right (as there was in Auto Mut. *210 Indemnity Co. v. Shaw, supra, as explained in the Sturgis case). That rule is not controlling in this case, because here the judgment creditor plaintiff bases his suit upon an assignment of the cause of action to him by the judgment debtor.
Against the contention of the appellant that the trial court committed error in dismissing his complaint, the appellee advances three arguments. First, that the judgment creditor is not entitled to maintain a direct action for the excess against the insurer. That argument is not applicable here, for the reason pointed out above that the judgment creditor is proceeding as assignee of the cause of action. Secondly, that the cause of action was not assignable. We hold that argument also is without merit, for the reasons more fully set out below. Third, that the assignment was champertous. We hold that it was not. The written assignment discloses that in return for the assignment of the cause of action to him, McNulty agreed that at the expiration of six months (if suit were not brought thereon by him) or "upon the conclusion" of legal proceedings if brought thereon by him against Nationwide, he would "satisfy all amounts of the aforesaid judgments in excess of the coverage afforded."
The principal question presented and argued on this appeal was whether a claim of the insured judgment debtor against the insurer for excess of judgment over the policy limit for alleged bad faith in refusal to settle within the policy limit, may be maintained against the insurer by the judgment creditor on the basis of an assignment thereof to him.
The key to the determination of that question is the assignability vel non of such a cause of action. That question in turn depends on whether the action is ex contractu or is one for a personal tort. This is so because while choses in action generally are assignable, one which consists of a personal tort (such as for personal injuries, slander, assault, etc.) is not. Knight v. Empire Land Co., 55 Fla. 301, 45 So. 1025, 1028; Clar v. Dade County, Fla.App. 1959, 116 So.2d 34, 36; 3 Fla.Jur., Assignments, §§ 5, 9.
In our opinion the cause of action for recovery of such excess of the judgment over the insurance coverage limit is one which arises out of the contract of insurance. The contractual duty of the insured to defend justifies an implication that the insurer will exercise ordinary care and good faith in so proceeding. Accordingly, when an insurer under such a policy contract undertakes to defend an action against the insured and becomes involved in negotiations for settlement, the law imposes the duty that it act therein in good faith. It follows that the cause of action for an "excess," where one arises from bad faith, is bottomed on the contract, and that the nature of an action thereon is ex contract rather than in tort. The fact that the proofs offered to establish an insurer's bad faith in this connection may include or consist of showing an act of negligence will not take the cause of action out of the contract category.[1] On those reasons we hold the *211 cause of action was assignable, and that suit thereon was maintainable by the assignee notwithstanding that he was the judgment creditor.
The question involved here, which appears to be one of first impression in this state, was considered recently by the Supreme Court of Pennsylvania in Gray v. Nationwide Mutual Insurance Company (1966), 422 Pa. 500, 223 A.2d 8. Our decision in the instant case is similar to the reasoning and holding of the Pennsylvania court in that case. Like reasons for concluding that such a cause of action is in contract rather than in tort were given in Brown v. Guarantee Insurance Company, 1957, 155 Cal. App.2d 679, 319 P.2d 69, 66 A.L.R.2d 1202.
Accordingly, the judgment of dismissal is reversed.
NOTES
[1] Violation of an insured's implied contractual obligation not to exercise bad faith in this respect may consist of other circumstances or actions as well as acts of negligence. Thus, in Brown v. Guarantee Insurance Company, 1957, 155 Cal. App.2d 679, 319 P.2d 69, 75, 66 A.L.R. 2d 1202, the court said:

"In deciding whether the insurer's refusal to settle constitutes a breach of its duty to exercise good faith, the following factors should be considered: the strength of the insured claimant's case on the issues of liability and damages; attempts by the insurer to induce the insured to contribute to a settlement; failure of the insurer to properly investigate the circumstances so as to ascertain the evidence against the insured; the insurer's rejection of advice of its own attorney or agent; failure of the insurer to inform the insured of a compromise offer; the amount of financial risk to which each party is exposed in the event of a refusal to settle; the fault of the insured in inducing the insurer's rejection of the compromise offer by misleading it as to the facts; and any other factors tending to establish or negate bad faith on the part of the insurer."
Also, in this regard, attention is called to the allegations of a complaint quoted in the opinion of the Supreme Court in Auto Mut. Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852, 853-854.