342 So.2d 1019 (1977)
COLLECTION BUREAU OF ORLANDO, INC., a Florida Corporation, Appellant,
v.
CONTINENTAL CASUALTY COMPANY, a Stock Insurance Company Authorized to Do Business in Florida, Appellee.
No. 76-401.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
*1020 Thomas S. Kirk, Orlando, for appellant.
Reinald Werrenrath III, Orlando, for appellee.
ANSTEAD, Judge.
This is an appeal from a final summary judgment holding that the defendant Continental Casualty Company was not obligated to furnish coverage to its insured, the plaintiff, Collection Bureau of Orlando, Inc., in a separate action wherein the plaintiff was sued for damages under Florida Statutes, Section 559.72. Section 559.72 prohibits certain debtor harassment practices. Continental's policy provided coverage when its insured was sued for any violation of an individual's right of privacy.
In enacting Florida Statutes, Sections 559.72 and 559.77, the legislature has provided a cause of action in debtor harassment situations not previously passed on or specifically recognized by the courts of this state. But this cause of action has been generally identified under the common law and in other jurisdictions as falling within the broad tort classification of invasion of privacy. Santiesteban v. Goodyear Tire & Rubber Company, 306 F.2d 9 (5th Cir.1962). Housh v. Peth, 165 Ohio St. 35, 133 N.E.2d 340 (1956). With the passage of the statutes in question the legislature has further defined and protected an individual's right of privacy in this state.
Under the law of contracts insurance policies are to be liberally construed in favor of the insured. 18 Fla.Jur. Insurance, § 407. In this case we hold that the terms of the insurance policy does provide the insured with coverage for actions brought against it under the provisions of Florida Statutes, Sections 559.72 and 559.77. Accordingly, the judgment of the trial court is reversed with directions that judgment be entered in favor of the appellant, Collection Bureau of Orlando, Inc.
ALDERMAN and DAUKSCH, JJ., concur.