567 So.2d 1034 (1990)
Joseph NOTARIAN, Appellant,
v.
PLANTATION AMC JEEP, INC., Jeffrey Kaye and Martin Kaye, Appellees.
No. 89-2731.
District Court of Appeal of Florida, Fourth District.
October 10, 1990.
William C. Owen and Loula M. Fuller of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tallahassee, for appellant.
K.P. Jones of Jones and Zaifert, Fort Lauderdale, for appellees.
FRANK, RICHARD H., Associate Judge.
Joseph Notarian was employed by the appellees Plantation AMC/Jeep, and its principals, Jeffrey and Martin Kaye. Notarian claimed he was injured in the course of his employment. He was denied coverage and was told by Plantation that if a workers' compensation claim were filed he would be discharged. Notarian filed a claim which he successfully pursued. He was discharged by Plantation. He sued Plantation and the Kayes, challenging his termination from employment. Notarian's complaint, composed of three counts, alleged the violation of section 440.205, Florida *1035 Statutes (1985), the intentional infliction of emotional distress, and insufficient notice of loss of employment.[1] The workers' compensation proceeding was defended by the appellant, Florida Automobile Dealers Self-Insurer's Fund (FADSIF). FADSIF settled Notarian's claim and he, in turn, assigned his lawsuit against Plantation to FADSIF.[2] Prior to the assignment to FADSIF, however, the trial court granted the Kayes' motion for partial summary judgment as to a wrongful discharge under section 440.205, the claim of insufficient pre-termination notice, and the prayer for attorney's fees associated with the intentional infliction of emotional distress. The cause of action for the intentional infliction of emotional distress asserted against the Kayes, however, remained intact and each of the claims alleged against Plantation survived. After FADSIF became the assignee of Notarian's lawsuit it sought to amend the style of the action to disclose that it was the plaintiff. Plantation and the Kayes immediately attacked FADSIF's standing to pursue Notarian's claims contending, inter alia, that they are in the nature of torts and hence, nonassignable. The trial court agreed and dismissed the complaint with prejudice. We disagree in part, and reverse.
Our determination of this matter begins with our concurrence in the trial court's dismissal of that aspect of the complaint alleging the intentional infliction of emotional distress. In affirming the trial court as to that portion of the complaint, we are not unmindful that the "assignability of a cause of action is the rule rather than the exception," Selfridge v. Allstate Insurance Company, 219 So.2d 127 (Fla. 4th DCA 1969), and that "many causes of action based on tort survive" the tort victim's death. Id.; see § 46.021, Fla. Stat. (1989). The assignability of a tort claim, however, is not controlled by its survivability. Florida's courts adhere to the commonlaw prohibition barring the assignment of personal injury claims. Florida Patients' Compensation Fund v. St. Paul Fire and Marine Insurance Company, 535 So.2d 335 (Fla. 4th DCA 1988), affirmed on other grounds, 559 So.2d 195 (Fla. 1990). We have no doubt that conduct forming the basis for a claim of intentional infliction of emotional distress can equate only with tortious behavior of a most personal character. See, e.g., Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA), rev. denied, 478 So.2d 54 (Fla. 1985). The remaining elements of the complaint, however, present a different picture.
Turning first to the cause of action grounded upon the conduct offending the proscription found in section 440.205, we are aware of the judicial policy treating the discharge of an "at-will" employee as nonactionable irrespective of the employer's motive.[3]Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983). Here, however, the termination of Notarian was motivated by his persistence in seeking and achieving the benefits of the workers' compensation statute which, in addition to the medical and monetary considerations, accorded him a protective shield from the very event which occurred. Unlike the employee at-will, Notarian occupied a special status arising from the legislative purpose to insure unfettered access to the workers' compensation statute and to sanction a cause of action upon the violation of section 440.205. Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983). We do not gainsay that absent such statutory insulation from employer retribution, the termination from employment for an ill-inspired reason, not otherwise interdicted by statute, would be *1036 retaliatory and "tortious in nature." Scott v. Otis Elevator Company, 524 So.2d 642, 643 (Fla. 1988). The dicta in Scott, however, does not bring Notarian's assigned cause of action within the boundaries of a tort. The inapplicability of Scott to the present proceeding is further demonstrated by that which the Supreme Court said Florida does not recognize, i.e., a common law cause of action for retaliatory discharge. The claim of unlawful separation from employment asserted by Notarian was not based upon any discernible common law theory, but only upon the statutorily created right. Smith, 427 So.2d at 183. Hence, Notarian's claim based upon his termination from employment was assignable to FADSIF.
Notarian's final claim assigned to FADSIF, although somewhat colored by the nonactionable employment at-will consideration, is grounded upon alleged insufficiency of notice prior to termination from employment. It cannot be said from the pleading alone, however, that Notarian did not allege an actionable claim stemming from a contractual relationship with Planation. If it can be factually developed that Notarian was contractually entitled to some degree of pre-termination notice, the third count of the complaint was properly assigned to FADSIF for the recovery of damages allowable in the circumstances. See Crawford v. David Shapiro & Co., P.A., 490 So.2d 993 (Fla. 3d DCA 1986).
Reversed in part and remanded for further proceedings not inconsistent with this opinion.
LETTS and DELL, JJ., concur.
NOTES
[1] Section 440.205, Coercion of employees.  No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
[2] We have not considered nor do we pass upon any aspect of the fact that FADSIF is in an antagonistic relationship to its insured, Plantation. We do, however, grant FADSIF's motion to be recognized as the real party in interest in this matter.
[3] An exception to our generalized statement does, of course, lie in a legislative enactment such as Chapter 760, the Human Rights Act of 1977.