JORGENSON, Judge.
This is an appeal of a final summary judgment in favor of Bachman Enterprises, Inc. For the following reasons, we reverse.
The appellant, Richard Carpenter, worked as a painter on the Biltmore Hotel project. The general contractor had leased scaffolding from Saf-T-Green of Miami, Inc., to be used by the subcontractors; Carpenter worked for a subcontractor. The scaffolding was erected by Bachman. On July 2, 1986, while working on the scaffolding, Carpenter reached for a guardrail. The guardrail gave way and Carpenter fell ten to twelve feet, hitting his head on concrete. The only witness who saw the scaffolding immediately after the accident testified via affidavit that the scaffolding had been improperly erected by Bachman. Carpenter sustained permanent brain damage, including memory loss and learning disabilities.
Carpenter sued Saf-T-Green, which raised as an affirmative defense that the scaffolding gave way due to the negligence of Bachman. On July 19, 1993, Saf-T-Green settled with Carpenter and assigned to Carpenter all of its contribution rights arising under section 768.31, Florida Statutes. The court substituted Bachman as a third party defendant by an order dated January 5, 1994.
Bachman sought summary judgment, arguing that the claim was barred by the four-year statute of limitations and that the assignment was invalid. The trial court granted the motion for summary judgment and, in so doing, erred.
The Uniform Contribution Among Tortfeasors Act, section 768.31, does not expressly create a right of assignability. The only Florida court that has expressly addressed the question, however, found that contribution rights are assignable. Robarts v. Diaco, 581 So.2d 911 (Fla. 2d DCA), rev. denied, sub nom., 591 So.2d 183 (Fla.1991). While Florida does not recognize the assign-ability of tort claims, “rights to contribution are generally recognized as being assignable.” Id. The Robarts court reasoned that the right to contribution was assignable because it was a creature of statute, not of tort. Id.
[Wjhen such a claim to contribution has been assigned and is sought to be exercised, as here, it is not the underlying tort which forms the basis for the action, it is instead the right of contribution that arises once the tort liability has been settled. That right of contribution is a right separate and apart from the tort, created by statute and, therefore, assignable.
Id. (citing Notarían v. Plantation AMC Jeep, Inc., 567 So.2d 1034 (Fla. 4th DCA 1990)); see also Claudy v. Commonwealth Edison Co., 255 Ill.App.3d 714, 193 Ill.Dec. 537, 626 N.E.2d 1088 (1993) (finding right of contribution freely assignable when construing contribution statute similar to Florida’s). We find our sister court’s rationale in Robarts persuasive, and hold that Saf-T-Green could assign to Carpenter its right of contribution under section 768.31.
*44 Bachman also argues that the claim is barred by the four-year statute of limitations applicable to negligence actions.[1] § 95.11, Fla.Stat. (1985). However, as the Robarts court found, the right of contribution arises only when the tort liability has been settled. Robarts, 581 So.2d at 915. Thus, the statute of limitations for a negligence claim is not at issue in this case; the applicable statute of limitations is the one-year time period provided in section 768.31 for contribution.[2] Under 768.31, Saf-T-Green — or its assignee — had one year from July 19, 1993, the date of the settlement agreement, to seek contribution from Bachman. The trial court entered an order substituting Bachman as a third party defendant on January 5, 1994, well within the applicable one-year statute of limitations.
Reversed.

. This appears to be an issue of first impression in Florida.

. Section 768.3 l(4)(c) provides:
If there is a judgment for the injury or wrongful death against the tortfeasor seeking contri-button, any separate action by him to enforce contribution must be commenced within 1 year after the judgment has become final by lapse of time for appeal or after appellate review.