701 So.2d 557 (1997)
David FORGIONE, etc., Appellant,
v.
DENNIS PIRTLE AGENCY, INC., etc., et al., Appellees.
No. 88908.
Supreme Court of Florida.
November 13, 1997.
*558 Joseph R. Dawson of the Law Office of Joseph R. Dawson, P.A., Fort Lauderdale, for Appellant.
Thomas A. Conrad of Heller & Conrad, P.A., Hollywood, and Scott R. McNary of McNary and Befera, P.A., Miami, for Appellees.
Gregory P. Hengber and Hayes G. Wood of Wood & Quintairos, Miami, for amicus curiae The Florida Defense Lawyers Association.
HARDING, Justice.
We have for review the following question of Florida law certified by the United States Court of Appeals for the Eleventh Circuit that is determinative of a cause pending in that court and for which there appears to be no controlling precedent:
Can a claim for negligence by an insured against an insurance agent for failure to obtain proper insurance coverage be assigned to a third party?
Forgione v. Dennis Pirtle Agency, Inc., 93 F.3d 758, 761 (11th Cir.1996). We have jurisdiction pursuant to article V, section 3(b)(6) of the Florida Constitution. For the reasons expressed below, we answer the question in the affirmative.
The pertinent facts of this case as set forth by the Court of Appeals are as follows. David Forgione was involved in an automobile collision with a vehicle owned by Harry and Lena Tofel. Forgione obtained a final judgment against the Tofels for $600,000, but was unable to satisfy the judgment completely due to a gap in the Tofels' insurance coverage. The Tofels attempted to assign to Forgione all the rights and claims that they have against the insurance companies and agents through whom they obtained their insurance coverage.
Forgione filed a complaint in United States District Court against the insurance companies and the agents,[1] alleging that there is a gap in the Tofels' insurance coverage and that some portion of his judgment against them falls into that gap. Forgione alleged that the agents who obtained the Tofels' insurance coverage were negligent and breached their duty of care to the Tofels by failing to exercise reasonable skill and diligence to ensure that their was no gap in their insurance coverage between base automobile coverage, sold by State Farm Mutual Automobile Insurance Company, and excess liability umbrella coverage, sold by Fireman's Fund Insurance Company.
State Farm moved to dismiss Forgione's complaint on the basis that it involves a personal tort which cannot be validly assigned under Florida law. The district court granted the motion and dismissed the case. The district court analogized Forgione's negligence claim to a legal malpractice claim, which is a personal tort that cannot be assigned under Florida law. Forgione v. State *559 Farm Mut. Auto. Ins. Co., No. 94-7254-CIV-MARCUS, at 9-10 (S.D.Fla. Oct. 31, 1995) (order granting defendant's motion to dismiss).
On appeal, the circuit court noted that if the claim of an insured against an insurance agent for negligence in obtaining insurance coverage is classified as a personal tort then the claim may not be assigned. Forgione, 93 F.3d at 760. However, the circuit court also noted that Florida cases may also support the opposite result as Florida law permits the assignment of claims against insurance companies based on allegations that claims were handled in bad faith. Id. Thus, in the absence of direct authority and the fact that any conclusion must be based on uncertain analogy, the circuit court certified the question of law to this Court. Id. at 760-61.
Under Florida law, parties can assign causes of action derived from a contract or a statute. See, e.g., Notarian v. Plantation AMC Jeep, Inc., 567 So.2d 1034, 1036 (Fla. 4th DCA 1990) (upholding assignment of claim under the Florida workers' compensation statute); McNulty v. Nationwide Mut. Ins. Co., 221 So.2d 208, 210-11 (Fla. 3d DCA) (upholding assignment of contract-based claim), cert. discharged, 229 So.2d 585 (Fla. 1969). Florida courts have also held that an insured's cause of action against an insurer for failure to settle a claim in good faith is assignable. See Selfridge v. Allstate Ins. Co., 219 So.2d 127 (Fla. 4th DCA 1969); McNulty, 221 So.2d at 210-11. In McNulty, the district court of appeal concluded that such an action arises out of the insurance contract because the insurer has a contractual obligation to exercise good faith in settling claims. 221 So.2d at 210. The district court thus held that the cause of action was assignable. Id. at 210-11. See also Aaron v. Allstate Ins. Co., 559 So.2d 275, 276-77 (Fla. 4th DCA) (holding that insured's cause of action against insurer for failure to provide adequate defense was assignable because not based on a personal tort), review denied, 569 So.2d 1278 (Fla.1990).
In contrast, purely personal tort claims cannot be assigned under Florida law. See, e.g., Florida Patient's Compensation Fund v. St. Paul Fire & Marine Ins. Co., 535 So.2d 335 (Fla. 4th DCA 1988) (finding medical malpractice claim was not assignable), approved, 559 So.2d 195 (Fla.1990); Notarian, 567 So.2d at 1035 (finding employee's claim against employer for intentional infliction of emotion distress was a personal injury claim that was not assignable). Florida law views legal malpractice as a personal tort which cannot be assigned because of "the personal nature of legal services which involve highly confidential relationships." Washington v. Fireman's Fund Ins. Co., 459 So.2d 1148, 1149 (Fla. 4th DCA 1984).
While some jurisdictions allow assignment of legal malpractice claims, the majority prohibit such assignments based on public policy considerations. See Can Do, Inc. Pension & Profit Sharing Plan v. Manier, Herod, Hollabaugh & Smith, 922 S.W.2d 865, 868 (Tenn.), cert. denied, ___ U.S. ___, 117 S.Ct. 298, 136 L.Ed.2d 216 (1996), which cites a number of cases where other jurisdictions have concluded that public policy considerations militate against allowing assignment of legal malpractice actions. As an Illinois appellate court noted in Christison v. Jones, 83 Ill.App.3d 334, 39 Ill.Dec. 560, 562, 405 N.E.2d 8, 10 (1980), the duty breached in legal malpractice arises out of a contract for legal services and the resulting injuries are pecuniary injuries to intangible property interests, rather than personal injuries in the strict sense of injuries to the body, feelings, or character of the client. While these aspects might indicate that legal malpractice falls within the class of actions that are assignable, the Illinois court concluded that legal malpractice is not subject to assignment because "the real basis and substance of the malpractice suit" is a breach of the duties within the personal relationship between the attorney and client. Id. Thus, it is "the unique quality of legal services, the personal nature of the attorney's duty to the client[,] and the confidentiality of the attorney-client relationship" that have led other courts to conclude that legal malpractice claims are not subject to assignment. Goodley v. Wank & Wank, Inc., 62 Cal.App.3d 389, 133 Cal. Rptr. 83, 87 (1976).
In the instant case, the federal district court reasoned that the relationship between *560 a prospective insured and an insurance agent is similar to that of an attorney and client, and thus insurance malpractice claims cannot be assigned. Forgione, No. 94-7254-CIV-MARCUS, order at 9-11. We do not agree. We find that the relationship between a prospective insured and an insurance agent is substantially different from an attorney-client relationship.
Attorneys and clients have a confidential relationship, which includes constraints upon information that can be disclosed to others. See § 90.502, Fla. Stat. (1995) (explaining parameters of the lawyer-client privilege recognized by Florida's Evidence Code); R. Regulating Fla. Bar 4-1.6 (imposing obligation that lawyer not reveal information relating to representation of client). The law does not impose similar constraints on communications between an insurance agent and an insured. The relationship between an attorney and client is a fiduciary relation of the very highest character, and the attorney owes a duty of undivided loyalty to the client. See R. Regulating Fla. Bar 4-1.7 (general rule regarding conflict of interest); 4-1.8 (prohibiting certain transactions which involve conflict of interest); 4-1.9 (explaining conflict of interest as to former client). While an insurance agent is required to use reasonable skill and diligence in obtaining coverage for an insured, the agent also owes the insurance company, which is his or her principal, an obligation of high fidelity. See 30 Fla. Jur.2d Insurance §§ 759-783, §§ 786-801 (1995). The relationship between an attorney and a client is also a personal one. An attorney may not substitute another attorney in his or her place without the client's permission. In contrast, insurance agents are often substituted without prior notification to the insured.
Based upon these substantial differences between the attorney-client relationship and the insurance agent-insured relationship, we conclude that public policy considerations do not preclude the assignment of an insured's claim for negligence against an insurance agent. Accordingly, we answer the question posed in the affirmative and return this case to the United States Court of Appeals for the Eleventh Circuit.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I dissent. The majority treats a professional business relationship between an insurance agent and his or her client differently from a professional business relationship between a lawyer and his or her client. In my view, there is clearly no justification for treating them differently.
Here, the majority says that an injured client can assign a negligence claim to a third party, and the third party can sue the insurance agent. On the other hand, the majority reaffirms the law that says attorneys are protected from the assignment of such claims and an assignee is prohibited from bringing a similar type of action against a lawyer. I find this holding to be neither fair nor a reasonable and logical result, and, further, I find it is a violation of equal protection principles. I would adopt the opinion of the United States District Court reported as Forgione v. State Farm Mutual Insurance Co., No. 94-7254-CIV-SJM, op. at 9-10 (S.D.Fla. Oct. 31, 1995).
In conclusion, if a third-party assignee is to be prohibited from bringing a negligent misconduct claim against a lawyer, then that same principle should apply for other business professionals. All business professionals should be treated the same.
NOTES
[1] Forgione voluntarily dismissed Dennis Pirtle Agency to maintain complete diversity in his federal action.