717 So.2d 141 (1998)
NATIONAL UNION FIRE INSURANCE COMPANY, Appellant,
v.
James D. SALTER, James D. Salter, P.A., et al., Appellees.
No. 98-391.
District Court of Appeal of Florida, Fifth District.
September 11, 1998.
Michael M. Bell of Bell, Leeper & Roper, Orlando, for Appellant.
Jack M. Ross of Jack M. Ross, P.A., Gainesville, and Lora A. Dunlap and John
*142 Edwin Fisher, of Fisher, Rushmer, Werrenrath, Wack, & Dickson, P.A., Orlando, for Appellees.
W. SHARP, Judge.
National Union Fire Insurance Company appeals from an order which dismissed its legal malpractice action. The lawsuit was filed against the attorneys who had previously represented one of National Union's insureds. Because it paid the insured's claim, National Union argues that it was subrogated to the insured's right to recover from its attorneys. We disagree and affirm.
In 1994, the United Company and Scratch Golf Company (Golf Company) purchased a golf and country club. In 1995, the golf course flooded and had to be temporarily closed. The company was insured by National Union, which paid Golf Company for its losses.
In 1997, National Union filed suit against the attorneys who had represented Golf Company in the purchase of the golf course, claiming that it was subrogated to its insured's right to recover. National Union alleged that the attorneys had failed to discover certain information about the property, for example, that it was located within a flood plain, and that Golf Company would not have purchased the golf course had it been properly advised. The trial court found that National Union was not in privity with the attorneys, and dismissed National Union's complaint with prejudice.
Florida courts have uniformly limited attorneys' liability for negligence in the performance of their professional duties to clients with whom they share privity of contract. This rule of privity has been relaxed only where it was the apparent intent of the client to benefit a third party. Thus to bring a legal malpractice action, the plaintiff must either be in privity with the attorney, that is, one party has a direct obligation to the other, or the plaintiff must be an intended (not incidental) third-party beneficiary. Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So.2d 1378 (Fla.1993); Angel, Cohen & Rogovin v. Oberon Investment, N.V., 512 So.2d 192 (Fla.1987).
Here, National Union was not in privity with the defendant attorneys and was not an intended third party beneficiary. National Union, however, argues that privity is not an issue and that as subrogee of Golf Company, it has the same right to sue as does Golf Company. Under Florida law, Golf Company could not assign its legal malpractice action to National Union. We find that the same public policy reasons apply and prohibit the subrogation of a legal malpractice claim.
Under Florida law, parties can assign causes of action derived from a contract or a statute. In contrast, purely personal tort claims cannot be assigned. Florida law views legal malpractice as a personal tort which cannot be assigned because of the personal nature of the legal services which involve highly confidential relationships. Forgione v. Dennis Pirtle Agency, Inc., 701 So.2d 557 (Fla.1997). See also Kozich v. Shahady, 702 So.2d 1289 (Fla. 4th DCA 1997) (court has long held that a legal malpractice action may not be transferred); Mickler v. Aaron, 490 So.2d 1343 (Fla. 4th DCA 1986) (legal malpractice action was not assignable); Washington v. Fireman's Fund Ins. Co., 459 So.2d 1148 (Fla. 4th DCA 1984) (as a matter of public policy, court would not permit enforcement of a legal malpractice action which has been transferred by assignment).
In Forgione, the Florida Supreme Court acknowledged that some jurisdictions allow assignment of legal malpractice claims. However, the majority prohibit such assignments based on public policy considerations:
As an Illinois appellate court noted in Christison v. Jones, 83 Ill.App.3d 334, 39 Ill.Dec. 560, 562 405 N.E.2d 8, 10 (1980), the duty breached in legal malpractice arises out of a contract for legal services and the resulting injuries are pecuniary injuries to intangible property interests rather than personal injuries in the strict sense of injuries to the body, feelings, or character of the client. While these aspects might indicate that legal malpractice falls within the class of actions that are assignable, the Illinois court concluded that legal malpractice is not subject to *143 assignment because `the real basis and substance of the malpractice suit' is a breach of the duties within the personal relationship between the attorney and client. Id. Thus, it is the `unique quality of legal services, the personal nature of the attorney's duty to the client[,] and the confidentiality of the attorney-client relationship' that have led other courts to conclude that legal malpractice claims are not subject to assignment.
Forgione, 701 So.2d at 559.
We conclude that the policy reasons for prohibiting assignments are equally applicable to a subrogation action. See Fireman's Fund Insurance Company v. McDonald, Hecht & Solberg, 30 Cal.App.4th 1373, 36 Cal.Rptr.2d 424 (Cal.App.4th Dist.1994) (California law prohibiting assignment of legal malpractice actions precluded insurors from proceeding as subrogees of insured's claim against law firm); Bank IV Wichita, National Ass'n v. Arn, Mullins, Unruh, Kuhn & Wilson, 250 Kan. 490, 827 P.2d 758 (1992) (policy considerations prohibiting the assignment of legal malpractice claims also prohibit the subrogation of a debtor's legal malpractice claim against the debtor's attorney by a creditor where the interests of the debtor and the creditor have the potential to diverge). To establish its claim, National Union would of necessity invade the confidential relationship between Golf Company and its attorneys. In addition, the attorneys may have to reveal work product or the confidences of Golf Company to defend themselves. Golf Company may not even be interested or believe that it has a legal malpractice action against its attorneys. As the California court observed in Fireman's Fund, perhaps "[d]ifferences between lawyer and client respecting malpractice should be limited to themselves." Fireman's Fund, 36 Cal.Rptr.2d at 430.
AFFIRMED.
COBB and GOSHORN, JJ., concur.