765 So.2d 36 (2000)
KPMG PEAT MARWICK, etc., Petitioner,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, etc., Respondent.
No. SC96413.
Supreme Court of Florida.
July 13, 2000.
Lewis N. Brown and Dyanne E. Feinberg of Gilbride, Heller & Brown, P.A., Miami, Florida; and David Wagner, Associate General Counsel, KPMG LLP, New York, New York, for Petitioner.
James F. Crowder, Jr. and Russell A. Yagel of Kimbrell & Hamann, P.A., Miami, Florida, for Respondent.
Daniel S. Pearson of Holland & Knight, Miami, Florida, for The Surety Association of America, Amicus Curiae.
WELLS, C.J.
We have for review a decision on the following question certified to be of great public importance:

*37 [W]hether Dantzler Lumber & Export Co. v. Columbia Cas. Co., 115 Fla. 541, 156 So. 116 (1934), permits a claim of an independent auditor's professional malpractice to be asserted by an insurer/assignee and/or insurer/subrogree.
National Union Fire Ins. Co. v. KPMG Peat Marwick, 742 So.2d 328, 330 (Fla. 3d DCA 1999). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons stated herein, we answer the certified question in the affirmative and approve the decision of the district court. However, we limit our holding specifically to the question asked and express no opinion as to whether a claim for accountant malpractice occurring during the performance of accounting services other than the auditing function is assignable.
The facts as presented by the Third District are as follows:
National Union Fire Insurance Company (hereinafter National Union) was the fidelity bond insurer of BankAtlantic from May of 1989 through May of 1992. The contract between National Union and BankAtlantic provided that National Union would be subrogee to any claim it paid on BankAtlantic's behalf. Thereafter, BankAtlantic made a claim against National Union in reference to a portfolio of loans BankAtlantic purchased from Sterling Resources Ltd. National Union and BankAtlantic settled a portion of the claim and National Union paid BankAtlantic $18,000,000 for losses incurred.
National Union then filed a number of amended complaints against independent auditor KPMG for professional malpractice. The insurer alleged that accounting firm KPMG Peat Marwick (hereinafter KPMG) were the independent auditors of BankAtlantic, that KPMG was negligent in the performance of three of the independent audits of the bank in not discovering the activities leading to the losses, and that such negligence caused all or some of the loss for which National Union paid BankAtlantic. As part of the National Union/BankAtlantic settlement, BankAtlantic assigned to National Union any and all claims it had against KPMG for negligence in the performance of the audits. KPMG moved for judgment on the pleadings asserting National Union was not entitled to relief against KPMG as an assignee, contractual subrogee, or equitable subrogee. The trial court granted the motion and entered judgment for KPMG.
KPMG, 742 So.2d at 329-30.
On appeal the Third District reversed, finding that the prohibition against the assignment of personal claims did not bar a claim by an insurer against its insured's independent auditor. Id. at 330. The district court found that Dantzler provided authority for the proposition that National Union could be equitably subrogated to the rights of BankAtlantic if the claim was that KPMG's negligence contributed to the loss paid by National Union. Id. at 331-32. The district court also found that the terms of BankAtlantic's agreement with National Union provided for subrogation and that there was no legal bar to this agreement. Id. at 330. The district court then posed the certified question for our consideration. Id.
In Dantzler, this Court held that an insurer could be equitably subrogated to the rights of its insured and maintain a cause of action against its insured's auditor for the auditor's malpractice. See 115 Fla. at 555, 156 So. at 121. While agreeing that Dantzler provides authority for this cause of action, KPMG points out that the court in Dantzler did not address the public policy considerations discussed in Forgione v. Dennis Pirtle Agency Inc., 701 So.2d 557 (Fla.1997), that prevent the assignment of personal torts. In urging us to answer the certified question in the negative, KPMG argues that the public policy concerns discussed in Forgione that prevent a claim for attorney malpractice from being assigned should apply equally to claims of an independent auditor's malpractice *38 and prevent the assignment of the cause of action in this case. We disagree.
In Forgione, this Court, in determining that an insured's negligence claim against an insurance agent was assignable to a third party, discussed the public policy reasons that preclude the assignment of purely personal tort claims. Forgione, 701 So.2d at 558. This Court noted that legal malpractice claims are not assignable because of the personal nature of legal services which involve a confidential, fiduciary relationship of the very highest character, with an undivided duty of loyalty owed to the client. Id. at 559. While an accountant's duty of confidentiality is similar to that of an attorney,[1] substantial differences exist in the type of accountant-client relationship in which the accountant is an independent auditor hired to give an opinion on financial statements.
Unlike an attorney who is required to zealously represent a client's position in an adversarial setting,[2] an independent auditor who is hired to give an opinion on a client's financial statements must do so with an independent impartiality which contemplates reliance upon the audit by interests other than the entity upon which the audit is performed. See 1 American Inst. of Certified Pub. Accountants, Professional Standards § 220.02. Rather than acting as an advocate with an undivided duty of loyalty owed a client,[3] an independent auditor performs a different function. As the United States Supreme Court noted in United States v. Arthur Young & Co., 465 U.S. 805, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984):
An independent certified public accountant performs a different role [than that of an attorney]. By certifying the public reports that collectively depict a corporation's financial status, the independent auditor assumes a public responsibility transcending any employment relationship with the client. The independent public accountant performing this special function owes ultimate allegiance to the corporation's creditors and stockholders, as well as to investing public. This "public watchdog" function demands that the accountant maintain total independence from the client at all times and requires complete fidelity to the public trust.
Id. at 817-18, 104 S.Ct. 1495. Thus, the public policy reasons discussed in Forgione that require attorney malpractice claims to be nontransferable do not require the same result in an independent auditor malpractice claim.
KPMG cites Peat Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla.1990), and Coopers & Lybrand v. Trustees of the Archdiocese of Miami/Diocese of St. Petersburg Health & Welfare Plan, 536 So.2d 278 (Fla. 3d DCA 1988), for the proposition that accountant malpractice claims should be treated the same as attorney malpractice claims. These cases, however, deal with the statute of limitations and issues of foreseeability and causation and do not discuss assignability of the claim.
KPMG also cites Affiliated of Florida Inc., v. U-Need Sundries, Inc., 397 So.2d 764 (Fla. 2d DCA 1981), for the proposition that the accountant-client privilege exists so that one can consult an accountant without fearing that the communications may become public and that allowing those claims to be assignable would inhibit the free communication the privilege was intended to encourage. That case, however, did not involve an independent auditor's communications with a client, and our limited holding in this case does not address the issue of the assignability of claims for accounting malpractice made in that context.
We specifically leave for another day the issue of the assignability of accountant malpractice claims based in situations other *39 than those involving audits because such a case is not before us. Accordingly, we answer the certified question in the affirmative and hold that a claim of an independent auditor's professional malpractice in preparation of an audit can be asserted by an assignee or subrogee. The decision of the district court of appeal is approved.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] See §§ 90.502, 90.5055 Fla. Stat. (1999).
[2] R. Regulating Fla. Bar 4-1.3 cmt.
[3] R. Regulating Fla. Bar 4-1.7 cmt.