The Honorable Mary M. Johnson Santa Rosa County Clerk of Courts Post Office Box 472 Milton, Florida 32572-0472
Dear Ms. Johnson:
You ask substantially the following question:
May a certified public accountant who is an employee of the clerk of court perform the financial audit of the Santa Rosa County Civil Service Board required by section 218.39, Florida Statutes?
In sum:
A certified public accountant employed by the clerk of court does not possess the statutorily required independence to perform a financial audit of the Santa Rosa County Civil Service Board pursuant to section 218.39, Florida Statutes.
In Chapter 2002-385, Laws of Florida, many of the powers and duties of the Santa Rosa County Civil Service Board (board) were repealed and transferred to the county commission and the county's constitutional officers. Specifically, the commission and officers are given the authority to adopt rules to implement a classified pay plan, leave and holiday policies, reduction-in-force guidelines, and procedures relating to hearings before the Civil Service Board.[1] The substantive power retained by the board is the adjudication of grievances.[2]
You state that the board is subject to an independent audit on an annual basis pursuant to section 218.39, Florida Statutes. You have volunteered the services of a certified public accountant who works in your office performing internal audits to conduct the financial audit for the board, but your external auditors have voiced concerns that such an audit would not be considered independent. In your letter, you indicate that the Auditor General was asked to comment about the use of your internal auditor and found no problem with such an arrangement.
Section 218.39(1), Florida Statutes, states:
"If, by the first day in any fiscal year, a local governmental entity, district school board, charter school, or charter technical career center has not been notified that a financial audit for that fiscal year will be performed by the Auditor General, each of the following entities shall have an annual financial audit of its accounts and records completed within 12 months after the end of its fiscal year by an independent
certified public accountant retained by it and paid from its public funds: (a) Each county. (b) Any municipality with revenues or the total of expenditures and expenses in excess of $250,000. (c) Any special district with revenues or the total of expenditures and expenses in excess of $100,000. (e.s.)
* * * "
The plain language of the statute requires the financial audit of a local governmental entity, such as the Santa Rosa County Civil Service Board, to be performed by an independent certified public accountant, retained by the entity and paid from its funds. The term "independent" means "not subject to control by others; not subordinate."[3]
Where the Legislature has prescribed the manner in which a thing is to be done, it acts as a prohibition against its being done in another way.[4]
Thus, where the Legislature has required that a financial audit be performed by an independent certified public accountant, an employee of the county, and more specifically an employee of your office who performs internal audits in your office and of the board of county commissioners, would not appear to possess the necessary independence to perform a financial audit of a county agency.
The Supreme Court of Florida has stated that an independent auditor "who is hired to give an opinion on a client's financial statements must do so with an independent impartiality which contemplates reliance upon the audit by interests other than the entity upon which the audit is performed."[5] The court went on to note:
By certifying the public reports that collectively depict a corporation's financial status, the independent auditor assumes a public responsibility transcending any employment relationship with the client. The independent public accountant performing this special function owes ultimate allegiance to the corporation's creditors and stockholders, as well as to investing public. This "public watchdog" function demands that the accountant maintain total independence from the client at all times and requires complete fidelity to the public trust."[6] Accordingly, it is my opinion that a certified public accountant employed by the clerk of court does not qualify as an independent certified public accountant for purposes of conducting a financial audit of the Santa Rosa County Civil Service Board pursuant to section 218.39, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 16, Ch. 2002-385, Laws of Fla.
[2] See, s. 21, Ch. 2002-385, Laws of Fla.
[3] Webster's Third New International Dictionary (Unabridged, 1981), p. 1148.
[4] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) ("When the Legislature has prescribed the mode, that mode must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way"); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
[5] KPMG Peat Marwick v. National Union Fire Insurance Companyof Pittsburg, Pennsylvania, 765 So.2d 36, 38 (Fla. 2000).
[6] 765 So.2d at 38, citing United States v. Arthur Young Co.,465 U.S. 805, 817-818 (1984).