[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11520

_____

D. C. Docket No. 03-80349-CV-DTKH

STRATEGIC CAPITAL RESOURCES, INC.,
a Delaware Corporation,

Plaintiff-Appellant,

versus

CITRIN COOPERMAN & COMPANY, LLP,
a New York Limited Liability Partnership,
HORTON & COMPANY, LLC, a New
Jersey Limited Liability Company, and
EDWARD HORTON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 5, 2007)**

Before DUBINA and WILSON, Circuit Judges, and CORRIGAN,[*] District Judge.

PER CURIAM:

In this case, plaintiff-appellant Strategic Capital Resources, Inc. filed suit in the Southern District of Florida, invoking the court's diversity jurisdiction, bringing claims of negligence and breach of fiduciary duty against its independent auditor. Defendants in the suit were Citrin Cooperman & Company, LLP; Horton & Company, LLC; and Edward Horton. Before trial, the District Court excluded Strategic's claims pertaining to an earlier time period because they were not sufficiently pleaded. Also, the District Court entered summary judgment for defendants on Strategic's breach of fiduciary duty claims, holding that an independent auditor does not owe a fiduciary duty to the company it is auditing. Finally, following a bench trial, the District Court held that Strategic failed to establish by a preponderance of the evidence that defendants were negligent with regard to the preparation of an independent audit and their resignation before the audit was complete. Strategic appeals, raising three issues.

---

[*] Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

## I.

The District Court precluded Strategic from pursuing claims that Horton and Horton & Company breached their fiduciary duty and were negligent for conduct prior to the time frame of the disputed independent audit, holding that "Strategic's amended complaint failed to plead even a single fact or claim that adequately placed the defendants on notice that Strategic intended to proceed against the defendants for claims related to Mr. Horton's prior duties as Strategic's accountant." Treating the District Court's decision as a denial of leave to amend the pleadings, we find that the District Court did not abuse its discretion. *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1314-15 (11th Cir. 2002); *CNA Financial Corp. v. Brown*, 162 F.3d 1334, 1337 n.4 (11th Cir. 1998).

## II.

We review the District Court's entry of summary judgment in favor of defendants on Strategic's breach of fiduciary claims *de novo*, and we affirm.

Though not addressing squarely whether an independent auditor has a fiduciary duty to a client, the Florida Supreme Court[1] has stated that an independent auditor does not have a confidential relationship with the client with

---

[1] A federal court sitting in diversity applies the substantive law of the state in which it sits. *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1444 (11th Cir. 1991).

an undivided duty of loyalty, but rather assumes a public responsibility, owing ultimate allegiance to the client's creditors, stockholders and the investing public, which requires the auditor to remain totally independent from the client. *KPMG Peat Marwick v. National Union Fire Ins. Co. of Pittsburgh*, 765 So.2d 36, 38 (Fla. 2000)(citing *United States v. Arthur Young & Co.*, 465 U.S. 805, 817-18 (1984)). *See generally Motorcity of Jacksonville, Ltd. v. Southeast Bank N.A.*, 83 F.3d 1317, 1340 (11th Cir. 1996)("the mere act of auditing the dealership and sending the summary audit reports does not . . . give rise to a fiduciary duty under Florida law"), *vacated on other grounds sub nom. Hess v. F.D.I.C.,* 519 U.S. 1087 (1997); *cf. TSG Water Resources, Inc. v. D'Alba & Donovan Certified Public Accountants, P.C.*, 366 F. Supp.2d 1212, 1227 (S.D. Ga. 2004)("[g]enerally, an accountant hired to audit the financial statements of a client is not a fiduciary of the client, but rather is required to be independent of the client").

Even assuming that there may be extraordinary circumstances in which a fiduciary relationship between an independent auditor and a client may arise, we determine that based on the facts of this case, no such extraordinary circumstances exist here.

## III.

Finally, the District Court's findings of fact and determination on the

ultimate question of negligence were not clearly erroneous. *Superior Constr. Co. v. Brock*, 445 F.3d 1334, 1339 (11th Cir. 2006); *Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1350-51 (11th Cir. 2005); *American Dredging Co. v. Lambert*, 153 F.3d 1292, 1295 (11th Cir. 1998).

**AFFIRMED.**