DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KAC 2021-1, LLC,**
as assignee of **THERESA PREVITE,**
Appellant,

v.

**MARY T. MATUSZAK IRREVOCABLE TRUST** and
**LORRAIN B. TERRAZAS, TRUSTEE,**
Appellees.

No. 4D2023-2269

[January 8, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kim T. Mollica, Judge; L.T. Case No. CONO23-001985.

Brian K. Korte and Daniel W. Bialczak of Korte & Associates, LLC, Singer Island, for appellant.

Jan Michael Morris, Boca Raton, for appellees.

KUNTZ, J.

KAC 2021-1, LLC, as assignee of Theresa Previte, appeals the circuit court's order dismissing its claims under the Florida Consumer Collection Practices Act ("FCCPA") against the Mary T. Matuszak Irrevocable Trust ("the Trust"). The circuit court concluded that FCCPA claims are not assignable and, as a result, the purported assignee KAC could not plead an FCCPA violation. For the reasons stated below, we agree with the circuit court and affirm.[1]

### *Background*

The Trust leased residential property to Previte. When Previte failed to make the monthly payment for four straight months, the Trust posted an "8-Day Notice" on the front door. The 8-Day Notice stated that Previte was "indebted to" the Trust for $6,000 worth of rent and demanded either payment of the rent or possession of the property.

---

[1] This conclusion renders moot the remaining issues on appeal.

Previte stated in an affidavit that she had found the 8-Day Notice taped to the front door when she went to pick up a FedEx delivery. She claimed the 8-Day Notice was facing outward so that any passerby could see it. She also stated that she had been at the Property all day when it was posted, but whomever had delivered the notice had not knocked on her door or otherwise seen if she was home. In her affidavit, Previte stated that the FedEx driver would have seen the 8-Day Notice, thus portraying her as the "proverbial 'dead beat' tenant," which portrayal had "profusely embarrassed" her.

On February 6, 2023, Previte assigned to KAC all "right, title and interest in any damages arising from" the Trust's FCCPA violations, as well as "rights, claims, and causes of action against" the Trust arising out of the Lease.

Subsequently, KAC instituted this action, alleging that the Trust could have mailed the 8-Day Notice, slid it under the front door, or placed it in an envelope. But the Trust instead posted the 8-Day Notice conspicuously on the front door for the public to see. Posting the 8-day Notice, KAC alleged, violated two FCCPA provisions. Count I alleged that the Trust had disclosed to a person other than Previte or her family (specifically, the FedEx driver) information affecting Previte's reputation, and the Trust knew or had reason to know that the other person did not have a legitimate business need for the information, in violation of section 559.72(5), Florida Statutes (2023). Count II alleged that the Trust had posted Previte's name to the public to enforce or attempt to enforce collection of a consumer debt, so the 8-Day Notice was a "deadbeat list" in violation of section 559.72(14), Florida Statutes (2023).

The Trust moved to dismiss the complaint, arguing the FCCPA claims were not assignable because the claims were personal to Previte. The circuit court held a lengthy hearing and concluded that the FCCPA claims were not assignable to KAC because the claims were "of a personal nature," and because KAC was not a "natural person" whom the FCCPA was meant to protect.

### Analysis

KAC raises multiple issues on appeal. Our resolution of the first issue renders the remaining issues moot.

KAC first argues that FCCPA claims can be assigned from the debtor/consumer to a third party, and the third party can institute

2

litigation as "assignee" of the debtor/consumer against the alleged violator. The Trust responds that FCCPA claims are not assignable, contending that such claims are like personal torts which, historically, are not assignable. The Trust also points to language within the FCCPA suggesting that only "debtors" may bring FCCPA claims to recover damages, and KAC is not a "debtor" as defined in the FCCPA.

The FCCPA allows a "debtor" to bring a civil action against a person violating the FCCPA. § 559.77(1), Fla. Stat. (2023). The Act defines "debtor" or "consumer" as "any natural person obligated or allegedly obligated to pay any debt." § 559.55(8), Fla. Stat. (2023). And the Act defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes . . . ." § 559.55(6), Fla. Stat. (2023). These definitions are almost the same as the ones in the Fair Debt Collection Practices Act ("FDCPA"), the FCCPA's federal counterpart. *See* 15 U.S.C.A. § 1692a(3), (5) (2023).

The threshold issue which we must decide is whether KAC can raise FCCPA claims on Previte's behalf. Not all claims under Florida law are assignable. Generally, parties may assign causes of action derived from a contract or a statute but may not assign "purely personal tort claims." *Nat'l Union Fire Ins. Co. v. Salter*, 717 So. 2d 141, 142 (Fla. 5th DCA 1998). The FCCPA does not expressly forbid or allow assignment, and the parties did not present any Florida case deciding this issue.

So we must determine whether a claim under the FCCPA is a "purely personal tort claim[]" (which cannot be assigned) or a claim derived from a contract or a statute (which might be assignable). *Id.* Such personal torts include, for example, claims for personal injuries, slander, or assault. *McNulty v. Nationwide Mut. Ins. Co.*, 221 So. 2d 208, 210 (Fla. 3d DCA 1969). Because KAC agrees that its claims are not based in contract, the question is limited to whether the FCCPA claim is a personal tort claim or a statutory claim.

In the complaint, KAC alleges that the Trust's actions "harmed Assignor Previte's reputation." Courts have considered this akin to a slander or defamation claim. *See Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1109 (Fla. 2008) ("[A] defamation plaintiff must prove injury to his or her reputation in the community."). Those types of claims are considered personal torts which cannot be assigned. *See McNulty*, 221 So. 2d at 210. To the extent KAC alleges the Trust invaded Previte's privacy, that is also considered a personal, unassignable tort claim. *See Collection Bureau of*

3

*Orlando, Inc. v. Cont'l Cas. Co.*, 342 So. 2d 1019, 1020 (Fla. 4th DCA 1977) ("In enacting [the FCCPA], the legislature has provided a cause of action in debtor harassment situations . . . generally identified under the common law and in other jurisdictions as falling within the broad tort classification of invasion of privacy.").

We also reject the argument that just because the FCCPA claim is found in a statute makes it an assignable statutory claim. As the Eleventh Circuit concluded, "the thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices. It clearly falls into a traditional tort area analogous to a number of traditional torts." *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982). Florida's FCCPA is modeled after the FDCPA. *Rivernider v. Brough*, No. 12-80693-CIV, 2013 WL 5353748, at *7 (S.D. Fla. Sept. 24, 2013); *see also* § 559.77(5), Fla. Stat. (2023) ("In applying and construing this section, due consideration and great weight shall be given to the interpretations of . . . the federal courts relating to the [FDCPA].").

Courts confronting similar questions have not allowed assignment of personal claims. For example, in *PPG Industries, Inc. v. JMB/Houston Centers Partners Limited Partnership*, 146 S.W.3d 79 (Tex. 2004), the Texas Supreme Court analyzed Texas' Deceptive Trade Practices—Consumer Protection Act to determine whether it permitted aggrieved consumers to assign their claims to third parties. The Texas Supreme Court first noted the statute's stated goal of "protect[ing] consumers" and "encouraging them to bring consumer complaints." *Id.* at 84 (citing Tex. Bus. & Com. Code § 17.44). Next, the court recognized that the statute limited complaints to "consumers" and barred claims by consumers with more than $25 million in assets. *Id.* at 85 (citing Tex. Bus. & Com. Code §§ 17.45(4), 17.49(f)). The court noted that allowing a consumer to assign a claim might allow the assignee to sidestep these limitations, frustrating the legislature's intent. *Id.* at 85. The court also found that the claims are "personal and punitive" in nature, not "property-based and remedial," and thus are not the type of claims which are typically assignable under common-law principles. *Id.* at 87. Finally, the court concluded that allowing assignment of the claims would distort the litigation process, stating that "[j]urors are bound to experience some confusion in assessing mental anguish of a consumer, or punitive damages based on the situation and sensibilities of the parties, when the affected consumer is not a party." *Id.* at 90 (quotations omitted).

A federal court in Texas relied on *PPG Industries* when it analyzed the assignability of FDCPA claims in *Tisdale v. Enhanced Recovery Co.*, No.

422CV00286SDJCAN, 2023 WL 1810413 (E.D. Tex. Jan. 17, 2023).  In *Tisdale*, a non-party assigned to the plaintiff "any and all claims she ha[d]" under certain consumer protection statutes, including the FDCPA.  *Id.* at *1-2.  The plaintiff in turn sued several defendants, alleging they had placed negative items on the assignor's credit reports, causing the assignor to receive denials of her credit.  *Id.* at *2.  The plaintiff alleged the defendants had violated three separate FDCPA provisions, causing the assignor damages.  *Id.*  But the plaintiff did not allege any injury personal to him.  *Id.*  The defendants moved to dismiss, primarily on the grounds that "the Assignment is invalid and thus cannot confer standing for Plaintiff to bring claims under . . . the FDCPA . . . for alleged injuries to [the non-party]."  *Id.* at *3.

The court held that "the purpose[] of the FDCPA . . . [is] to protect consumers and encourage them to bring claims, as well as offering similar rights and remedies such as punitive/exemplary damages and statutory penalties."  *Id.* at *6 (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010)).  The court rejected the plaintiff's attempts to distinguish *PPG Industries*.  The court's primary reason was that "a claim for violation of the FDCPA could exist absent any contract and thus it is a pure tort claim."  *Id.* at *7 (quoting *Dotson v. Ad Astra Recovery Servs., Inc.*, No. CIV-22-264-C, 2022 WL 2079889, at *1 (W.D. Okla. June 9, 2022)).  The court also recognized that the plaintiff had sought statutory and punitive damages provided by the FDCPA for injuries personal to the assignor, and such relief is unlike the one typically sought in contract actions.  *Id.* (citing *PPG Indus.*, 146 S.W.3d at 87).

The *Tisdale* court analyzed cases from around the country and found none permitting the assignment of the claims:

> Defendants urge that because the Assignment is invalid under Texas law, Plaintiff has no standing to assert claims on behalf [the assignor].  Indeed, Defendants point to dozens of cases across the country that have uniformly rejected the validity of assignments such as the one presented by Plaintiff, and held that, as a result, the purported assignee lacks standing to bring FDCPA or FCRA claims for injuries to the assignor.  All told, Defendants point to over forty cases filed by non-attorney assignee-plaintiffs that were dismissed for lack of standing by courts across the country, including at least eighteen cases in the Western District of Oklahoma; eight cases in the Eastern District of Virginia; nine cases in the District of Utah, and four in the Southern District of Iowa.  Courts in the Northern

5

District of Georgia and the Western District of Washington have also dismissed similar complaints for lack of standing. Plaintiff points to no case reaching the opposite result, where a court has found an assignee does have Article III standing to bring FDCPA or FCRA claims on behalf an assignor. This Court finds Defendants' position well-founded; the Court's own research reveals no published opinion by any district court that departs from the consensus reflected by Defendants' briefing, and no appellate court has yet to disturb this trajectory.

Plaintiff objects that the bulk of the cases cited by Defendants are not binding and did not apply Texas law. Plaintiff is correct, but the cases are enlightening nonetheless—***no court has found an assignment of FDCPA or FCRA claims valid under any theory applying any state's law***. Put simply, there is a resounding consensus among federal courts that assignments of FDCPA and FCRA claims are invalid and therefore cannot confer standing for the assignee.

*Id.* at *9-10 (emphasis added) (footnotes and citations omitted). More recently, other federal courts have reached the same conclusion—no reported decision finds FDCPA claims are assignable. *See Parker v. Lee*, No. CV 23-3999, 2024 WL 2943766, at *10 n.9 (E.D. Pa. June 11, 2024); *Cooper v. Nat'l Credit Adjusters, LLC*, No. 3:22-CV-0521-K-BH, 2022 WL 17656316, at *3 (N.D. Tex. Nov. 28, 2022); *Jones v. Credit Control Corp.*, No. 4:22CV5, 2022 WL 3924215, at *3-4 (E.D. Va. Aug. 29, 2022).

These cases support our conclusion that FCCPA claims are not assignable.

### Conclusion

The circuit court correctly concluded that FCCPA claims are not assignable. As a result, the circuit court's judgment is affirmed.

*Affirmed.*

GROSS and CIKLIN, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

6